A. N. Stone *v.* The State.

(*Nashville,* December Term, 1929.)

Opinion filed July 17, 1930.

T. O. JEWELL, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff in error was convicted for transporting whiskey and his punishment fixed at a fine of $200 and imprisonment for six months.

The record shows that police officers of Chattanooga received information that on the evening of October 26, 1928, at about seven o'clock, fifteen gallons of whiskey would be delivered to an unknown party at Twenty-third and Washington Streets. The informant described the car in which the delivery would be made as an old Ford touring car with an out-of-the-State license. The officers went to the place indicated by their informant and at the hour suggested by him, observed a car, fitting the description given, approach the place where the delivery was to be made. The car did not stop. The officers followed it two blocks through an alley to a railroad track where the driver left it and fled. He was arrested.

Upon inspection of the car after the arrest, the officers discovered fifteen gallons of liquor. The information received by the arresting officers, coupled with the subsequent circumstances, was sufficient to lead them to the conclusion that a felony was in fact being committed by the occupant of the car.

Section 6997, sub-sections 2, 3 and 4 of Shannon's Code, provide that an officer may arrest without a warrant when there is reasonable cause to believe that the suspected individual has committed or is in the act of committing a felony. In this instance the officers had

reasonable cause to believe that the occupant of the car was at the time committing the felony of transporting more than one gallon of intoxicating liquor. Under the statute referred to, the officers could arrest him without a warrant. His arrest and the detention of the automobile he was using to perform the act of transportation were concurrent acts.

Under section 6997 of Shannon's Code, above referred to, the arrest without a warrant was authorized. The evidence obtained as a result of his arrest for the felony was admissible.

The record being otherwise without error, the judgment of the trial court is affirmed.