SMITH *v.* STATE.

*(Nashville,* December Term, 1935.)

Opinion filed February 15, 1936.

W. H. CROWELL, of Shelbyville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was found guilty under a presentment charging him with (1) the unlawful receipt of intoxicating liquors; (2) the unlawful possession of intoxicating liquors; and (3) the unlawful transportation of intoxicating liquors. There was a general verdict and a fine of $100 assessed by the jury. No jail sentence was added by the court, and we take it the verdict and judgment thereupon may be referred to the possession count of the presentment.

The defendant, driving along the highway from a point in Bedford county toward Murfreesboro, was pursued by Rutherford county officers and finally overtaken. Defendant was proceeding quietly along the highway in his automobile, accompanied by his wife and two other women, violating no road law, when the officers sought to stop him. The officers justified their action upon information received by one of them that defendant was bringing whisky into Murfreesboro on the afternoon of his arrest.

A witness named Lovvorn, a Rutherford county constable, testified he received the information above stated, and thereupon called upon the sheriff and one of his deputies to go out with him (Lovvorn) to try and catch defendant. Lovvorn said he was informed defendant intended to bring in more than one gallon of whisky. No search warrant was procured. The three officers drove out on the Shelbyville road and met defendant coming in toward Murfreesboro. The officers turned their car around and said that they pursued defendant's car, and, coming up with defendant's car, they ordered defendant to stop. Defendant did not heed them. The officers continued the pursuit and stopped defendant in about two and one-half miles by shooting down the tire on one of

the rear wheels of his car. The officers testified they found whisky and glass on the floor of the car and testified to other circumstances indicating that defendant had been transporting liquor and had broken the containers during the chase.

Lovvorn was asked where he procured the information that defendant intended to bring whisky into Murfreesboro on the afternoon he was arrested. The trial judge, upon exception of the District Attorney General, ruled that Lovvorn was not required to answer this question, and defendant's counsel duly excepted.

The question thus raised has been presented to the court several times within the last few months. In previous cases, we have not found it necessary to make a direct ruling thereupon.

Section 11536 of the Code sets out the circumstances which justify an arrest by an officer without a warrant. Such an arrest may be so made—

"(1) For a public offense committed or a breach of the peace threatened in his presence.

"(2) When the person has committed a felony, though not in his presence.

"(3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

"(4) On a charge made, upon reasonable cause, of the commission of a felony by the person arrested."

If the arrest here was not justified, the search of defendant's car, which indicated that whisky had lately been transported therein, was illegal and the evidence so obtained inadmissible. The arrest of defendant in this case can only be justified on the idea that the officer had reasonable cause for believing defendant to have

committed a felony or upon a charge made, upon reasonable cause, of the commission of a felony by defendant.

The object of defendant's counsel in asking the officer where he got the information upon which he acted, or from whom he got such information, was to test the legality of the arrest—whether the officer acted upon reasonable cause or on a charge made upon reasonable cause.

It must be conceded upon the evidence that there was no reasonable cause, based upon the officer's own observation, to believe that defendant had committed a felony. Defendant was entitled to inquire if a charge had been made upon reasonable cause that he had committed a felony or was about to commit a felony, as some of the cases put it.

Under section 11899 of the Code, a search warrant is issued on probable cause. If the affidavit for the search warrant is not made as of the knowledge of the affiant but made on information, the affidavit "should disclose the nature and the source of the information so that the magistrate himself can determine whether probable cause exists for the issuance of the search warrant." *Elliott* v. *State,* 148 Tenn., 414, 256 S. W., 431; *Craven* v. *State,* 148 Tenn., 517, 256 S. W., 431; *Jackson* v. *State,* 153 Tenn., 431, 284 S. W., 356.

In *Jackson* v. *State, supra,* it is stated that an affiant desiring to swear out a search warrant on information said to come from a reliable person, while he need not state the name of such person in the affidavit, should disclose to the magistrate the identity of such person, together with the nature of his information, to enable the magistrate to determine whether probable cause indeed

existed. Otherwise the existence of probable cause would be left entirely to the judgment of the affiant.

So we think, when an officer seeks to justify an arrest upon "a charge made upon reasonable cause," the officer should be required to reveal the identity of the person making the charge as well as the nature of the charge. The court has to pass upon the officer's justification, and that justification is open to impeachment. A defendant should not be bound by the officer's statement that a charge had been made, and, unless the source of the charge was ascertained, neither its good faith nor reality could well be challenged. An unscrupulous officer, upon a fictitious story of "a charge made," might vindicate any arrest, however unlawful, if there could be no further inquiry.

As long as our peace officers work under a fee system, the legality of searches, seizures, and arrests must be open to judicial review. If that review be too greatly restricted, it will be of no avail.

For the error indicated, the judgment below is reversed, and the case remanded for a new trial.