WILSON *v.* STATE.

*(Knoxville,* September Term, 1953.*)*

Opinion filed July 23, 1954.

RAINWATER & RAINWATER, of Dandridge, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The Clerk, in certifying this transcript under date of January 19, 1954, recites that "the bill of exceptions was filed in my office on September 11, 1953". The brief of the Attorney General calls attention to the fact that it does not appear anywhere on the bill of exceptions that it was ever filed in the clerk's office.

The aforementioned certificate of the Clerk is insufficient to overcome this fatal defect. *Bundren* v. *State,* 109 Tenn. 225, 228, 230, 70 S. W. 368; *Cronan* v. *State,* 113 Tenn. 539, 542, 82 S. W. 477; *Burkett* v. *Burkett,* 193 Tenn. 165, 168, 245 S. W. (2d) 185. Hence, we are precluded from considering, with one exception, the various assignments of error because they are all based upon the evidence which can only be brought up by bill of exceptions. *Cronan* v. *State,* supra. The exception referred to is an error in the judgment of the lower Court. This appears in the technical record; therefore, may be considered.

Wilson was convicted of driving an automobile on a public road while intoxicated. In addition to the fine and sentence fixed, the judgment further is that his "driver's license be revoked for a period of twelve months". It is this part of the judgment that is erroneous. The State so concedes.

While a trial judge is authorized by Code Section 10828 to prohibit a person convicted of driving while drunk on our public roads from driving at all upon the roads of the State for a "period of time less than six months", it does not authorize him to revoke the defendant's license. That power is vested in the Tennessee Department of Safety under which the State Highway Patrol functions. Section 2715.19 of the Code Supplement. This may be a distinction without a difference in the case at bar, as the judgment may properly be modified to meet the law prohibiting Wilson from driving his automobile on the public roads in Tennessee for a specified period of time "less than six months".

However, by the judgment entered in this case, Wilson is, in effect, prohibited from driving his car on the public roads of the State "for a period of twelve months". Since the authority of the judge is limited in this respect to less than six months it results that the judgment must be further modified in accordance with the limitations fixed by Code Section 10828.

Judgment will be modified so as to strike therefrom the provision that the driver's license issued Wilson be revoked for a period of twelve months, and insert in lieu thereof that he be prohibited from driving an automobile on the public roads in this State for a period of five months and twenty-nine days. As so modified, the judgment will be affirmed.