James Howard Simmons *v.* State of Tennessee.

(*Jackson,* April Term, 1955.)

Opinion filed May 6, 1955.

Rehearing denied August 2, 1955.

MADDOX, MADDOX & LASSITER, of Huntingdon, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This appeal is from a conviction of possessing whisky wherein the plaintiff in error was fined $300 and given a six-month workhouse sentence.

■ The State has made a motion:

"1. To strike the entire transcript and dismiss the appeal. This for the reason that the instrument purporting to be a transcript of the. record is nowhere authenticated by the Clerk of the lower Court as being a true and correct copy * * *.

"2. The instrument purporting to be a bill of exceptions, be stricken from the record. The order overruling the motion for a new trial is not dated. This order allowed sixty days for the filing of the bill of exceptions but in the state of the record it is impossible to determine when the sixty days commenced or expired. The signature of the trial judge to the bill of exceptions is not dated and it does not appear that the bill of exceptions was ever filed with the Clerk of the lower Court."

To this motion the plaintiff in error has filed a statement of the Clerk of the Circuit Court accompanied with a certified copy of the verdict, motion for new trial, the overruling thereof which shows that the same was filed on March 5, 1954 and that it was entered on the minutes of that date, that is, the motion for new trial was filed on March 5, 1954, it was overruled on the same date and the order overruling it was entered on the minutes of the court on the same date. This statement of the clerk of the court also shows that the original bill of exceptions contained the notation that:

"Filed March 30, 1954, Willie B. Joyner, Deputy Circuit Court Clerk."

There is no certificate or showing by the Clerk nor is the transcript authenticated as a true and correct copy. Too, the signature of the trial judge to this purported bill of exceptions is not dated. With these exceptions, that is, these corrections of the transcript as are authorized by

the diminution of the record, and an act of the Legislature of 1955 regulating the authentication of a bill of exceptions the transcript of the bill of exceptions can be considered by us.

Frankly we dislike very much to get these transcripts wherein the bill of exceptions has not been properly authenticated or certified and thus we are required under the authorities of this State, of more than 100 years, to sustain a motion to dismiss the appeal with the exception of things that can be considered on the technical record. It is much easier for us in working up the case, and it is far preferable, to consider the case on the merits rather than on these technicalities. The latest case on the question is that of *Wilson* v. *State,* 197 Tenn. 17, 270 S. W. (2d) 340. This case cites some of the cases and particularly that of *Burkett* v. *Burkett,* 193 Tenn. 165, 245 S. W. (2d) 185 which has a very clear analysis of prior decisions dating back to *Davis* v. *Jones,* 40 Tenn. 603, setting forth controlling precedence for the conclusion that we are forced to reach of why we cannot consider a case on its merits. See also *Hamilton* v. *Wolfe,* 194 Tenn. 428, 250 S. W. (2d) 910. The motion of the State thus will have to be overruled.

A highway patrolman searched an automobile upon one of the State highways and found therein six cases of whisky. This search was made without a search warrant and of course when that was determined in the course of the trial upon motion of the defense the jury was excused and the highway patrolman interrogated at length on this question. The substance of his testimony was to the effect that a short time before he stopped this car of the plaintiff in error and searched it he had been stopped by an informer near the West End Station in the City of Huntingdon and told that a certain automobile, de-

scribing it, would be traveling along this highway, where he was eventually detained and arrested and searched and six cases of whisky found.

At this point the defense asked the highway patrolman the name of the informer. When the highway patrolman declined to give it in the first instance, and later that he did not know it, the defense moved to take the case from the jury because the patrolman refused to furnish the name of his informer. The basis of this motion was our case of *Smith* v. *State,* 169 Tenn. 633, 90 S. W. (2d) 523. This case was recently affirmed in *Shields* v. *State,* 197 Tenn. 83, 270 S. W. (2d) 367, on somewhat the reverse of the proposition to that in the Smith case. In other words in the Shields case the constable Shields was being prosecuted for shooting or an unlawful act in Blount County and part of his defense was that he had been informed that there was a felony about to be committed and when he was asked who his informer was the trial judge required him to give the name of his informer and it was under this that this Court then overruled one of Shields' assignments of error on appeal in holding that the trial court was correct in requiring Shields to give the name of his informer. It so happened in the Smith case that this Court concluded the informant's name was necessary so that he might be called to see if the officer's information was reasonable.

It seems to us that the instant case is entirely different from either of those. In the case now before us the highway patrolman testified that the man who had informed him was a resident of Carroll County and that this informant had previously given him information which had always been reliable. Of course this was objected to by the defense and a very interesting argument is made of why this evidence of previous information

should not be given. We must remember that the information thus elicited from the patrolman and the statements made here are all in the absence of the jury. Here the trial judge is investigating as to where the information came from and we think that if he determines from this investigation that the information furnished the officer upon which the arrest and search were made was from a reliable source which the officer was justified in believing that he thus may act upon such information. It seems to us that the reason for the rule announced in the Smith case supra, is to permit an inquiry into the reasonableness of the ground of the officer's belief that a felony is being committed. Thus when the trial judge has the slightest doubt or any doubt about the question he may require the informant's name to be given so that the informant may be summoned and interrogated if it is necessary to do so to get at the reasonableness of his belief that a felony is about to be committed. Of course if the name of this informer is given this permits further inquiry into his reliability and gives the court adequate information upon which to base a conclusion about the matter. The Smith case, supra, does not say that it will be mandatory that the name of the informer be given in all cases where there is not a warrant but it is to the effect that the name of the informer may be required for such an inquiry. The Smith case, supra, does not have the effect of holding that the search will be invalid simply because the officer does not know the name of the informer. It seems to us that this is just a way of emphasizing what the trial court should do and to be satisfied that there was a reasonable ground for the officer's belief that a felony was about to be committed. Of course it often happens that the name of the informer is concealed for many reasons, but if the trial court from other

things that it hears is satisfied of the reasonableness of the information that a felony is about to be committed then it seems to us that it is the duty of the trial court to go ahead and permit the evidence of the search. In this case it was the testimony of the officer that he had previously acted upon information of this informer and that he had found this information reliable. Further the fact that this man's information had proven to be correct as to the amount and route, as well as to the description of the automobile. It seems to us thus for these reasons that the evidence presented justified the trial judge in finding that the highway patrolman had reasonable grounds for believing that a felony was about to be committed.

It seems to us that the rule—and a fair rule—to be followed in this State is that which is set out in *Jones* v. *State,* 161 Tenn. 370, 33 S. W. (2d) 59 which is to the effect that if the information comes from a reliable source, which the officer is justified in believing, he may act upon it. Judge Chambliss in writing this opinion referred to various others including that of *Dittberner* v. *State,* 155 Tenn. 102, 291 S. W. 839 and an unpublished opinion of *Martin* v. *State,* wherein the difference between an arrest for a felony and a misdemeanor and the right to do so is set out. In conclusion he says this [161 Tenn. 370, 33 S. W. (2d) 61]:

"The fact that the informant gave his information in such detail, that this advance information was corroborated by the appearance at the time and place of the party accused, further supported by the appearance of the informant on the spot and his identification of the accused, or circumstances which, taken together, afforded a reasonable cause under our statute for the arrest."

594

This rule as announced in the Jones case is the universal rule as far as we can find. The question is annotated in 74 A. L. R. pp. 1390 and 1429. The Jones case has been repeatedly followed by us and particularly in *Thompson* v. *State,* 185 Tenn. 73, 203 S. W. (2d) 361, and *Epps* v. *State,* 185 Tenn. 226, 228, 205 S. W. (2d) 4, an opinion in which the writer of the present opinion wrote wherein the distinction is pointed out. A review of all recent authorities (checking on this in Shepard's) shows us that *Jones* v. *State,* supra, has been followed right up to the last volume of the Tennessee Reports. It seems to us that this is the fair rule and the rule that should determine such matters. When it appears to the trial court that the informant may not be reliable or that the information that is given the officer by the informant is not sufficient to reasonably convince him that a felony is about to be committed then certainly the trial court should sustain the objection and not admit the evidence and thus release the accused but when it appears to the trial court that the evidence is sufficient for a reasonable basis that a felony is about to be committed clearly then the evidence obtained by an arrest following this information seems to us adequate. The trial court is thus determining whether such information is reasonable and not the officer.

The objection is made to the charge that the trial court gave the jury after it came into court and said they were unable to agree upon a verdict which objectionable charge is as follows:

"While the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of your fellows, yet you should examine the questions submitted with candor and with a proper regard and difference to the opinions of each

other. It is your duty to decide the case if you can conscientiously do so. You should listen with a disposition to be convinced to each other's arguments. If the larger number are for conviction or acquittal, a dissenting juror should consider whether his doubt was a reasonable one which made no impression on the minds of so many other men, equally honest, and equally intelligent with himself.

"The Jury should not go contrary to their convictions but they should properly give heed to the opinions of their fellow jurors and by reasonable concessions reach a conclusion which although not originally entertained by any of them, nevertheless, may be one to which all can scrupulously adhere.

"In other words, the minority should listen to the views of the majority with the disposition of being convinced."

The very interesting and persuasive argument is made (this is especially appealing to an old Circuit and Criminal Judge and one who has spent 8 years on the bench as such) that the jury having such a high regard for the Judge's charge and statement that it is in effect making the minority members of the jury agree with the majority because the jury has a high regard for the Judge and feels like that is what he is telling them to do. Frankly when the writer of this opinion was a trial judge he frequently made very similar statements to the jury to the one as here quoted. Of course such statements were not made out of thin air but were based on what the writer of this opinion then concluded from authorities was a fair way to charge a jury. We as a court after considering the matter thoroughly are convinced that such a charge is not erroneous.

The charge above is practically lifted verbatim from *High* v. *Lenow*, 195 Tenn. 158, 164, 258 S. W. (2d) 742 and *Allen* v. *U. S.*, 164 U. S. 492, 17 S. Ct. 154, 41 L. Ed. 528.

For the reasons stated the judgment below must be affirmed.

## ON PETITION TO REHEAR

The question raised by this petition is: Does the officer who arrests one on information that a felony is being committed have to disclose the name of his informant?

The plaintiff in error has filed herein a dignified and forceful petition to rehear. It is admitted at the outset of this petition that it must necessarily reargue much that was argued in the brief and at the oral argument heretofore. Ordinarily we do not consider a reargument of contentions previously argued, under the authority of *Louisville & N. R. Co.* v. *United States Fidelity & Guaranty Co.*, 125 Tenn. 658, 148 S. W. 671 and the rules of this Court.

The argument now made is so sincerely made and is in effect trying to point out to us wherein we erred in our conclusion as to what the holding in *Smith* v. *State*, 169 Tenn. 633, 90 S. W. (2d) 523 was. We have very carefully considered this petition, the new argument and the reargument. We are taken to task, in this petition, for our statement in our original opinion that the holding of the Court in *Smith* v. *State*, supra, was that the trial judge might require the officer to name his informant but that it was not mandatory. We still adhere to the statements that we made about this in the original opinion. The second headnote to the case says that the arresting officer "may be required to reveal identity of person making charge * * *." Thus it is seen that the headnoter to the

opinion reached the same conclusion we did in the instant case.

 We cited and relied upon the case of *Jones* v. *State,* 161 Tenn. 370, 33 S. W. (2d) 59, as pointing out the correct procedure in matters of the kind now before us. We still think that this is the correct procedure. In the same volume as the Jones case is the case of *Stone* v. *State,* 161 Tenn. 290, 30 S. W. (2d) 247, wherein an arrest was held valid for the possession of liquor merely on information. Subsequent to these cases and the case of *Smith* v. *State,* this Court decided *Gallimore* v. *State,* 173 Tenn. 178, 116 S. W. (2d) 1001, 1002 wherein this Court held that in the procuring of a search warrant it was not necessary that the name of the informer be given the magistrate for the procurement of a search warrant. This Court, there among other things said, that:

"It is for the magistrate himself to determine whether, in any case before him, it is essential that the name of an informant, otherwise shown to him to be a reliable person, shall be given."

Of course the giving of the name of the informant to the magistrate in procuring the search warrant is a different proposition from that that we have now before us but it seems to us that there is a stronger reason of why the name of the informant should be given the magistrate than it is the trial judge, in the absence of a jury. There is a stronger reason why it should be a discretionary matter with the trial judge, as to whether the name of the informant is given or not, than it would be in the case of giving it to the magistrate. In the one instance the magistrate is allowed to make up his mind whether it is reliable information and the other it is the trial judge who is allowed to make up his mind whether the officers acted upon or are proposing to act upon reliable infor-

mation. It seems to us that to merely state the two propositions, reasons the proposition in favor of the position that we have taken.

"Either an officer or a private person is privileged to arrest: 'when the person has committed a felony, though not in his presence.' (Code 11536, 11541). This very important provision seems to have been overlooked entirely." (The writer of the statement here quoted is referring to *Smith* v. *State,* supra, 169 Tenn. 633, 90 S. W. (2d) 523.) "In cases in which it should have received the chief emphasis it seems not to have been brought to the attention of the court." 2 Vanderbilt Law Review, page 570.

The writer of this very important note is here referring to the very case that counsel is relying upon for a reversal herein, that is, *Smith* v. *State,* supra. It seems to us now as it did to the writer of the note above quoted that the Court at the time that *Smith* v. *State* was written did overlook this very important statute that when a person has committed a felony he may be arrested upon information. When we consider this very important statute which was fully considered by the Court in *Jones* v. *State,* supra, it is evident that the position of our original opinion must be sustained, that is, that it is a discretionary matter with the trial judge as to whether or not he requires the officer to give the name of the informant when testifying about this arrest in the absence of the jury. Underhill's Criminal Evidence, Sec. 287, Roscoe's Criminal Evidence, Sec. 179; Wigmore on Evidence, Sec. 2374. Also see the authorities that we referred to in our original opinion. Any "hard and fast" rule nullifies the provision of the statutes, 11536, 11541, above referred to. The statute is merely a codification of the common law.

We feel that this is the correct interpretation put on our statute and that the Court in writing *Smith* v. *State,* supra, overlooked the provisions of the statute above referred to, that is, Code Sections 11536 and 11541. The cases decided in 161 and 169 and 173 Tennessee that we have referred to herein were all opinions by this Court when it consisted of a different personnel from that now but at the time these opinions were written the same personnel was on the Court when each opinion was written. It is the holding of the Supreme Court of the United States that an officer, when he has reliable information, that a certain automobile is engaged in illegal liquor traffic may search without a warrant. *Husty* v. *United States,* 282 U. S. 694, 51 S. Ct. 240, 75 L. Ed. 629, 74 A. L. R. 1407.

For the reasons herein stated the petition to rehear must be overruled.