**Charles Benton ROBERTS, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

May 30, 1972.

Certiorari Denied by Supreme Court Dec. 18, 1972.

Thomas D. Hembree, Tracy City, for plaintiff in error.

David M. Pack, Atty. Gen., Charles W. Cherry, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for defendant in error.

## OPINION

GALBREATH, Judge.

On the trial resulting in appellant's conviction for selling marijuana in violation of T.C.A. § 52–1303 the State relied primarily on the testimony of an undercover T. B. I. agent, Mr. Tom Whitlatch, who alleged he was taken to the rural Grundy County home of the defendant by another man who was present when the purchase of two pouches of the drug for twenty dollars took place about 8:30 P.M. on the 30th day of July, 1971. The defendant emphatically denied that, and he was corroborated in this by his sister in law, who testified that she had been present at the home of the defendant at the time the sale was claimed to have occurred and that the defendant was not at home and that no one came to the house as Mr. Whitlatch alleged.

During cross examination Mr. Whitlatch was asked to identify the person he said was with him when the defendant sold him the marijuana and the witness refused to answer the inquiry, and the District Attorney General's objection to the question was sustained by the court on the grounds that the unidentified person was an informer whose identity was not subject to disclosure.

It is the general law, subject to certain exceptions and limitations, that the prosecution is privileged to withhold from an accused the identity of an informer. See Simmons v. State, 198 Tenn. 587, 281 S.W.2d 487. This practically universal rule is predicated on public policy and seeks to encourage citizens to assist in crime detection and prevention by giving information to law enforcement officials without unduly exposing themselves to the danger inherent in such laudable activity and to make possible their continued usefulness in future disclosures that the revelation of their identity would probably hamper and prevent. " . . . [I]t should be a discretionary matter with the trial judge, as to whether the name of the informant is given or not . . ." Simmons v. State, *supra*.

The difficulty in applying the above rule to the facts of the instant case is that the person whose identity was withheld from the defense was not an informant but a material witness to the very crime claimed to have been committed. Even if we should assume that the person who was with the T. B. I. agent when the alleged crime was committed had been an informant so that proof of his activities as such would not have been admissible, he forfeited his right to complete anonymity when he actively participated in the events leading up to and surrounding the crime; and the reasons for preserving his activities as secret no longer applied. The witness here voluntarily exposed himself, if the State's proof is credible, to the defendant and other members of his family. The defendant and his sister in law deny this, and thus whether or not this person was present becomes a pivotal issue touching directly on the guilt or innocence of the defendant.

The United States Supreme Court, and many others, have dealt directly with this matter adversely to the State's position. In Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, it developed on the trial of the defendant for a narcotics violation that the informer had participated other than as a supplier of information. He himself had been instrumental in the defendant's obtaining possession of the drugs and, like the unknown witness in this case, had been present when the alleged crime was committed. The trial court denied a motion similar to the one made here, and in reversing the resulting conviction the Supreme Court held that where:

"the disclosure of an informer's identity * * * is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action.

\*   \*   \*   \*   \*   \*

" . . . under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure."

█ It should always be borne in mind that the purpose of a criminal trial, or for that matter any legal proceedings aimed at developing facts, is the ascertainment of truth. Thus rules of discovery in civil cases and now in some areas in criminal cases have been formulated as an aid to the parties in litigation, and ultimately to the court and jury trying the facts, in investigating the truth or falsity of the varying and conflicting positions advanced by the respective parties. In upholding the constitutionality of a statute requiring the disclosure of the identity of alibi witnesses by the defense in advance of trial, the United States Supreme Court said:

"The adversary system of trial is hardly an end in itself; it is not yet a poker game in which players enjoy an absolute right always to conceal their cards until played. We find ample room in that system, at least as far as 'due process' is concerned, for the instant Florida rule, which is designed to enhance the search for truth in the criminal trial by insuring both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446.

█ Whether error results from the refusal of the trial judge to require the disclosure of a witness depends on the particular circumstances of the case. As noted in 76 A.L.R.2d 278:

"As to the question when the privilege of nondisclosure applies and when an exception should be made and disclosure required, no fixed rule is justifiable. Limitations on the applicability of the privilege arise from the fundamental requirements of fairness. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous depends upon the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

"The privilege reflects a rule of policy which is followed unless it conflicts with a rule of justice. The privilege must give way when it comes into conflict with the fundamental principle that a person accused of crime is entitled to a full and fair opportunity to defend himself."

As noted above the unidentified person in this case is a most material witness. Only he can corroborate the truth of agent Whitlatch's assertion that the defendant sold him the marijuana and dispute the testimony of the defendant and his sister in law which, if true, would force the recognition that the primary witness was either not telling the truth or perhaps was mistaken in the identification of the isolated location of the home of the defendant and had mistaken him for the actual person from whom the marijuana was purchased. If the agent was not testifying truthfully, as the defendant contends, then in all probability there was no third party witness to the crime since the defendant committed no crime. On the other hand, if the crime occurred as the jury found that it did, and we must here assume that they found the facts correctly, then the missing witness, who had already revealed himself to the defendant and his family according to the State, would have undoubtedly sealed the fate of the defendant and perhaps laid the groundwork for charges of perjury against any witness found to have willfully falsified his or her testimony.

██ It is true, as urged on us by the State, that the law does not require that the State call any particular witness in a criminal prosecution, or that it use all of

the witnesses it might have available. But this does not mean that the defendant may not have such witnesses compelled to be present on his behalf as provided by T.C.A. § 40–2405 which gives him the right to "compulsory process for obtaining witnesses in his favor." If the State introduces proof that there was a witness to the crime that might be in a position to assist the defense in countering the accusation but refuses to disclose his identity, then the defendant is effectively deprived of the important right to have his witnesses. As noted early by our Supreme Court:

> "We can see no reason why a court should compel the State to make out its case by the introduction of any particular witness, nor require that all the witnesses present at a supposed criminal transaction should be put upon the witness stand. If it be important to the proper defense of the defendant, he can always have the witness in his favor, . . . The real object of investigations in court is to ascertain the truth of the case, in order that the judgment of the law may be had on the facts. It can make but little difference to the attainment of this end whether the witness be called by the State or the defendant. If the State shall fail to introduce a material witness who has knowledge of the facts, the defendant, as we have said, may always introduce him, and thus get the facts known by him before the jury, and if he knew the facts that would make against the prisoner, the failure of the State will work for his advantage by lessening the proof against him. . . . . We are, also, well satisfied that in view of his official responsibility, no prosecuting officer, without a substantial reason for it, is likely to withhold testimony that will tend to develop the facts favorable to a conviction in a criminal prosecution; and we are equally well satisfied, that with the aid of counsel, either retained or appointed by the court, no prisoner is likely to neglect introducing a witness who will be able to develop facts favorable to his acquittal, and with the facili-

ties furnished by our law for procuring the testimony of witnesses in his behalf, no one charged with crime is likely to suffer by the adoption of the rule we have indicated." Eason v. State, 65 Tenn. 431 (1873).

■ Of course the action of the trial court in this case prevented the exercise of the right discussed above and as such was, in our considered opinion, reversible error.

■ We overrule the assignment challenging the sufficiency of the evidence, and while it is doubtful if the circumstances upon which two other assignments are predicated will recur at another trial, under the facts before us we have considered them and find that no reversible error was involved.

The judgment sentencing the defendant to not more than two years in the penitentiary is reversed and a new trial granted.

O'BRIEN, J., concurs.

DWYER, Judge (dissenting).

I respectfully disagree with the majority in remanding this cause for a new trial.

I can find no abuse of the trial court's discretion in refusing to order the state agent to divulge the identity of his informant. See Simmons v. State, 198 Tenn. 587, 592, 593, 281 S.W.2d 487. I am satisfied from my purview of this record that the informant who accompanied the agent to defendant's house and who observed the alleged sale of marihuana, had supplied the agent with the address and information about the illegal activities at the defendant's abode, and that he was therefore *both* an informant *and* an eyewitness to the offense.

The elasticity given by the majority to the facts and circumstances found in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639, cannot be stretched to cover the facts found in this record. In *Roviaro* the informant was shown to have

denied knowing or seeing the defendant Roviaro; this denial conflicted with the agent's testimony that he had overheard conversations between the informant and Roviaro. In that context the informant's privilege should have given way to allow possible *impeachment* of the agent's testimony. No such fact or circumstance may be found in this record. The informant here did not participate in the offense other than by being present at the scene of the indictment offense. In other words, the informant in this record, as opposed to *Roviaro*, was not directly involved in the action wherein the defendant allegedly sold the agent the illicit drugs, and was not known or shown to have denied any relationship with the agent or the defendant.

The majority opinion reasons that the undisclosed person is a material witness needed by the defense to prove whether or not the crime occurred, in the face of the denial by the defendant and his sister-in-law. This elementary issue has been ventilated by the verdict of the jury. In short, they have resolved the believability of the witnesses as to whether defendant made the sale or not. See Hardin v. State, 210 Tenn. 116, 355 S.W.2d 105. Further, for the sake of argument, the most that could be said for the informant's testimony is that it would be cumulative. In short, if he testified he witnessed the sale it would be cumulative of the agent's testimony. If he testified there was no sale it would be cumulative of the defendant and his sister-in-law's testimony. I can find no reason, under this circumstance, for disturbing the learned trial court's discretion in refusing to order the divulging of the name of the informant.

Even if I agreed that the facts in *Roviaro* rendered that case applicable to the facts of this case, I would cite, as the controlling principle from that case, that the informer privilege must give way when disclosure of his identity "is essential to the fair determination" of the cause. I cannot agree that this informer-witness was essential to the defense for a fair determination of this cause, because his testimony inevitably would have been cumulative.

The majority reasons that the informant known to the state should have been called as a witness or made known to the defense so that being a material witness he could have been subpoenaed by the defense. It has been the law in this state for almost one hundred years that the state is not compelled to call all available witnesses, see Eason v. State, 65 Tenn. 431, 457 (1873), *unless* they fall within the exception to the rule found in that case at pages 431 and 457.

Pursuant to *Eason*, as a matter of course, if there should appear that any advantage had been taken of the accused *by preventing his access to testimony favorable to his case, or by any trick or fraud whatever,* it would be the duty of the trial court promptly to compel the production of any testimony withheld, and of this court to reverse on failure of the court below to do so.

In the case at hand, (1) no showing was made that *any testimony* favorable to the defendant was prevented by the court not ordering the informant's identity to be revealed, and (2) no argument or showing was advanced as to any *trick or fraud* perpetrated by the state to the defendant's disadvantage by not revealing the identity of the informant. Thus the *Eason* exception to the informer privilege rule is not found here.

I further note that in this case there were four eyewitnesses to the alleged offense. Two of them testified: the agent and the defendant. Two did not testify: the informer and the defendant's brother. Two eyewitnesses are ample proof for the jury to resolve the issue of whether the sale of marihuana was made.

I cannot and would not reverse this conviction on the specious argument that the informant-witness *might* be a material witness favorable to the defendant.

Finally, Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446, cited by

the majority here, upholds the constitutionality of a Florida alibi witness *discovery* statute, and treats the failure of the state to abide by the statute. But that case sheds no direct light on the issue in this case, which involves carving out an exception to the informer privilege rule.

I would affirm the judgment of the trial court.