**Claude R. TRAIL, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Dec. 31, 1974.

Certiorari Denied by Supreme Court
June 16, 1975.

Michael E. Vaughn, Manchester, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, H. J. Garrett, Asst. Dist. Atty. Gen., Manchester, B. G. Marks, Asst. Dist. Atty. Gen., McMinnville, for defendant in error.

WALKER, Presiding Judge.

## OPINION

On his trial for driving while intoxicated, the jury found guilty the defendant, Claude R. Trail, and fixed his punishment at a fine of $10 and 90 days in the Coffee County workhouse. The trial judge also revoked his driver's license for five months and 29 days. He appeals in error to this court.

At about 4:00 P.M., June 2, 1973, sheriff's deputies Terry Watson and Franklin Qualls were on routine patrol in the 9th Model community in Coffee County. They had received complaints of reckless driving in that area. The officers' attention was attracted to two automobiles approaching them on a gravel road at a speed of 50 to 60 miles per hour. The second car was following the other closely although each car was proceeding in its proper lane of traffic. Watson stopped the defendant who was driving the first car and Qualls stopped the second car.

Watson asked the defendant to show his driver's license and to step out of the car. When the officer had him walk, the defendant staggered. His speech was slurred, his eyes were bloodshot, his face was flushed, and he smelled of alcohol. Both officers were of the opinion that he was intoxicated and they arrested him for driving while intoxicated.

Testifying in his own defense, the defendant denied that he was driving while intoxicated. He said he had had two beers that morning but nothing else alcoholic the rest of the day. He said that smoking made his eyes red and because of previous injuries rendering him disabled he was sometimes unable to walk properly; he does not talk clearly because of a broken jaw that did not heal properly. He said he asked both officers for a blood-alcohol test. The officers did not recall such a request. The defendant contends that from the testimony of Watson as to the length of time it took for him to reach Watson's location he could not have been traveling at an excessive speed. The jury resolved any conflicts in the testimony in the case and the defendant has not overcome his burden on appeal. See *State v. Grace*, Tenn., 493 S.W.2d 474. The assignments on the weight of the evidence are overruled.

The defendant contends there was no probable cause to stop him and that his subsequent arrest was therefore unlawful. Under the circumstances here, the officers had reasonable grounds to stop and detain

the defendant. *State v. McLennan,* Tenn., 503 S.W.2d 909 (1973). His contention that the evidence of his sobriety was inadmissible for that reason is without merit. See *Satterfield v. State,* 196 Tenn. 573, 269 S.W.2d 607.

The defendant urges that the trial court erred by admitting evidence of his acts when stopped without warning him of his constitutional rights under *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602. He contends that these acts were designed to elicit from him his condition with regard to sobriety and that the acts amounted to a communication.

The privilege against self-incrimination protects an accused only from being compelled to testify against himself or otherwise provide the state with evidence of a testimonial or communicative nature. That compulsion which makes an accused the source of real or physical evidence does not violate the privilege. *Schmerber v. California,* 384 U.S. 757, 16 L.Ed.2d 908, 86 S.Ct. 1826.

*Schmerber* holds that both federal and state courts agree the privilege against self-incrimination offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to assume a stance, to walk or to make a particular gesture. The field sobriety tests given here could not be considered anything but real or physical evidence under the principles of *Schmerber.* See *Heichelbech v. State,* Supreme Court of Indiana, 258 Ind. 334, 281 N.E.2d 102 (1972); *Rowe v. State,* Court of Appeals of Indiana, 299 N.E.2d 852; *City of Mercer Island v. Walker,* Supreme Court of Washington, 458 P.2d 274 (1969). This assignment is overruled.

The defendant says he was denied an impartial trial because some of the jurors in his case had heard an earlier, similar and related case. This question was not presented to the trial court in the motion for a new trial. Although such questions

are waived by Rule 14(5) of the Tennessee Supreme Court and of this court, we have nevertheless considered it and found it to be meritless under the rules laid down in *Warden v. State,* 214 Tenn. 398, 381 S.W.2d 247:

"Since the record in the case before the Court does not show that any of the members of the jury in this case had formed or expressed any opinion as to the guilt or innocence of the defendants of the offense being tried, or of any other offense on the part of either of them, the mere fact that they had heard testimony given in the trial of these defendants on another offense would not of itself disqualify the jurors."

The record before us does not show that any juror was biased or prejudiced.

All assignments of error have been considered and are found to be without merit.

In addition to the fine and sentence fixed, the judgment further is that defendant's "driver's license be revoked for a period of 5 months and 29 days."

In *Wilson v. State,* 197 Tenn. 17, 270 S.W.2d 340, our Supreme Court pointed out that while a trial judge is authorized to prohibit a person convicted of driving while drunk on our public roads from driving at all upon the roads of the state for a "period of time less than six months", it does not authorize him to revoke the defendant's license. T.C.A. § 59–1035. That power is vested in the Department of Safety. This may be a distinction without a difference in the case at bar as the court indicated in *Wilson,* since the judgment may properly be modified.

The judgment will be modified so as to strike therefrom the provision that the defendant's driver's license is revoked for a period of five months and 29 days and insert in lieu thereof that he be prohibited from driving an automobile on the public roads in this state for a period of five

months and 29 days. As so modified, the judgment will be affirmed.

OLIVER and O'BRIEN, JJ., concur.