**VANDERBILT UNIVERSITY, Petitioner,**

v.

**Burt Eugene STEELY, Respondent.**

Supreme Court of Tennessee.

April 10, 1978.

Bass, Berry & Sims, Frank C. Gorrell, Jay S. Bowen, Nashville, for petitioner.

Kelly, Jones & Vest, William P. Jones, Hendersonville, for respondent.

OPINION

COOPER, Justice.

We granted certiorari in this case to review a decision by the Court of Appeals in which that court affirmed a judgment against the petitioner, Vanderbilt University, in a personal injury action brought by the respondent, Burt Steely. The sole issues before us are whether the trial judge erred in giving the jury a supplemental charge designed to urge it to return a verdict, and, if so, whether that error materially affected the results of the trial, so as to require that the verdict be set aside.

The respondent brought this action to recover for injuries that he claims to have suffered when he fell down a flight of stairs in one of the buildings on the Vanderbilt campus. The details of his claims and of the proof presented are not material to our consideration of this case. Suffice it to say that the issues at trial were hotly contested, and the evidence was subject to various interpretations. After the jury had deliberated for several hours, it returned to report that it was unable to reach a verdict. The trial judge then gave the supplemental charge that is at issue, and which is set out

in full in the appendix to this opinion. After further deliberation, the jury returned a verdict for the respondent in the amount of $28,000.00. On appeal, the Court of Appeals affirmed.

The use of a supplemental "dynamite" charge much stronger than that given in the instant case was long sanctioned in Tennessee. *See, e. g., Simmons v. State*, 198 Tenn. 587, 281 S.W.2d 487 (1955). However, that rule was changed in *Kersey v. State*, 525 S.W.2d 139 (Tenn.1975), which set forth strict guidelines governing the form such a charge may take, and the circumstances in which it may be given. *Kersey* held that a supplemental charge may be given only in the form specified in that opinion,[1] and then only when it was given as part of the main charge. Strict adherence to the dictates of *Kersey* is expected, and variations are not permitted. *Kersey v. State, supra,* at 145.

In the instant case, there is no doubt but that the trial judge violated the rule laid down in *Kersey*. First, he did not use the charge mandated by *Kersey*, but his own version of it. Secondly, he gave his charge as a supplemental charge when it had not been included in the main charge. As we noted in *Kersey*, this was "an error of the first magnitude." *Kersey v. State, supra,* at 144.

However, this determination alone does not dispose of the case. An error in the charge of the judge to the jury is not grounds for reversal unless it affirmatively appears that the error has affected the results of the trial. T.C.A. § 27–117. Upon a considered review of the entire record of the cause, we are of the opinion that the supplemental charge was a material factor in persuading the jury to return a verdict, and that the variation between that charge and the *Kersey* charge was a material factor in its having that effect. In particular, the charge given informed the jury that, should they fail to agree, a new trial would be necessary, and emphasized the waste of time, money, and effort that this would entail. It contains language that could be interpreted as implying that the jurors had a "duty" to agree. Finally, the entire charge was improperly emphasized by being given for the first time only after the jury had been deadlocked for several hours. We believe that these departures from the *Kersey* standard, when taken collectively, worked to the material prejudice of the petitioner.

The judgment in favor of respondent is reversed and the case is remanded for a new trial. Costs of the appeal are adjudged against respondent, Burt Steely.

HENRY, C. J., and FONES and BROCK, JJ., concur.

HARBISON, J., not participating.

### APPENDIX

Ladies and Gentlemen of the jury, the verdict when reported to the Court must be unanimous which means that it must be the conscientious individual decision of each individual member of the jury arrived at by him after due consideration of all of the evidence which has been admitted for the consideration of the jury, the argument of counsel, the law explained to the jury by the Court, and the expressions of fellow jurors, for that is the purpose of deliberation that each juror may hear and give due consideration to the expressions of his fellow jurors for finally making up his own mind. That is to say, each juror should go into the jury room with an open mind to the extent that he is willing to listen to his

---

1. The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

fellow jurors and to be influenced by their expressions and opinions, to the extent that it is proper for him to be influenced.

Now in the present case you have reported to me that you have not yet been able to agree. This does not mean that you will not be able to agree, because I shall ask you to continue your deliberations in an effort to agree on a verdict. While it is the duty of each juror to adhere to his conscientious convictions, and not violate his conscience in rendering a verdict, nevertheless it is the duty of each and every juror to agree upon a verdict if he can conscientiously do so.

I call to your attention that the trial of this case has consumed several days, occupying the time of the Court, counsel, the parties and the jury. If the jury is unable to agree upon a verdict in this case, all the time and expense devoted to this trial will be lost, because it will be necessary to try the case again to another jury. For this reason, it is highly desirable that you should reach a verdict in this case if you can conscientiously do so.

I recognize that the issues in this case are not easy to decide, otherwise you would have been able to agree upon a verdict before now. On the other hand, if this case is difficult for you to decide, there is every reason to believe that it would be equally difficult for the next jury to decide so that we would not necessarily gain anything by discharging this jury and trying the case again to another jury which would have the same difficulties that you are experiencing even now.

In all of the affairs of life we are influenced by the opinions held by your fellow man. Frequently, we entertain various opinions and when we find that they are not in accordance with the prevailing opinions of our friends, we are inclined to re-examine our opinions and sometimes to change them simply because of the influence of the opinion of others. An opinion should not be abandoned lightly, that is no juror should simply give up his opinion of the case because another juror feels otherwise. On the other hand, each and every juror should consider the differing opinions of his fellow jurors and be influenced by those opinions to such extent as he conscientiously feels it would be proper for him to be influenced. I call your attention to the fact that each and every one of you have heard the same evidence in this case, and it is highly probable and to be usually expected that twelve men listening to the same evidence may, after deliberation, reach the same conclusion from the evidence. It is for this reason that I am still hopeful by further discussion of this case among yourselves, you may be able to arrive at a verdict.

While I have urged you to arrive at a verdict if you can conscientiously do so, and while I have urged you to consider the expressions of your fellow jurors to such extent as you can conscientiously do so, nevertheless, I repeat that no juror should abandon an opinion which he conscientiously holds unless he can do so with the full consent of his conscience, that is to say, if by further deliberation you should reach a verdict, it must be the conscientious, individual decision of each individual member of the jury arrived at without violation of his conscience.