STATE of Tennessee, Appellee,

v.

James Lee YORK, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

July 15, 1980.

Rodney C. Strong, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., William P. Sizer, Asst. Atty. Gen., Nashville, Stan Lanzo, Asst. Dist. Atty. Gen., Jon Seaborg, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

DWYER, Judge.

James Lee York appeals as of right his conviction of robbery with a deadly weapon, T.C.A. § 39–3901, and punishment of twenty years' imprisonment. The trial court entered a mistrial when the jury was unable to reach a verdict as to a codefendant, Johnny Lesley Pryor.

The appellant presents these issues for review:

(1) whether the warrantless arrest of the appellant violated his right under the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution to be free from an unreasonable seizure;

(2) whether the lineup identification procedure violated the appellant's right to due process;

(3) whether the trial court erred in failing to suppress evidence as to the lineup and the in–court identification;

(4) whether the evidence was sufficient to support a verdict of guilty;

(5) whether the court erred in allowing irrelevant evidence to be introduced;

(6) whether the court erred by failing to grant a mistrial due to prejudicial remarks by a State's witness.

A lone gunman walked into the Holiday Inn at 3700 Cummings Highway in Hamilton County at about 1:00 p. m. on January 7, 1979. Two female employees of the Inn were working at the desk and noticed the man as he sat in the lobby and nervously looked around for about five minutes. He then approached the desk, pulled out a pistol, and said, "this is a stick–up." He pointed the weapon at the two employees and ordered them to empty the cash register, then cocked the gun and told them to hurry. After they had given him $376, including a roll of quarters, he told them to lie on the floor while he left and threatened to "blow their heads off" if they did not comply. The manager of the motel, who had witnessed the incident on a closed circuit television monitor, called the police. The two female employees described in detail the robber's physical characteristics and old–fashioned attire, and the Chattanooga police broadcasted the description.

Two Tennessee State troopers heard the description of the gunman's clothes, height,

weight, age and complexion and notified the Chattanooga police that it fit the description of the appellant. The troopers drove to the Holiday Inn and told the police that they had assisted the appellant that morning at about 9:45. They said that they had called a tow truck for his car and had talked to him while waiting for the truck to arrive. They remembered his unorthodox dress and provided the police with their record of the model, color, and license number of his car. They also informed them that the appellant had told them that he had spent the previous night at the Lookout Mountain Motor Lodge.

Shortly after 8:00 that night the police responded to a call at Brown's Country Store on Cummings Highway and took the appellant and Pryor into custody. An employee gave the police a chrome–plated pistol which Pryor had given him to keep while he was inside the establishment. The appellant had $182.74 in his possession, including twenty–four quarters.

The police held a lineup at which each of the two victims identified the appellant as the robber. Both the appellant and Pryor were then formally placed under arrest.

The appellant testified that the clothes he was wearing the morning of January 7th had been purchased at a bargain store in Indiana. He admitted that the State troopers had assisted him that morning, but said that after his car was repaired he drove to Pryor's house on Sand Mountain. He claimed that the two of them stayed there from 11:00 a. m. or 12:00 until 4:00 p. m., drinking and working on Pryor's truck and that they arrived at Brown's Country Store about 7:00 p. m. He denied any part in the robbery. The appellant offered a witness who testified that he was with the appellant and Pryor at Pryor's house from 1:00 or 1:30 p. m. until 3:00 p. m. on January 7th.

■ We have reviewed the record under established rules of law which require that we take the strongest legitimate view of the evidence in the State's favor, *State v. Cabbage*, 571 S.W.2d 832 (Tenn.1978), and that we not reevaluate the evidence adduced at trial. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn.1973). Both victims' identifying the appellant as the robber constitutes ample evidence under Rule 13(e) of the Tennessee Rules of Appellate Procedure to convince a rational trier of fact of the guilt of the appellant beyond a reasonable doubt. The evidence issue is overruled.

■ The appellant maintains that his arrest without probable cause violated his Fourth Amendment rights. We disagree. Two State troopers had had an opportunity to closely examine the appellant, his clothing, and his car a few hours before the crime. When they heard the robber's description broadcast by the police, they were certain that he was the same man and were able to give the police a detailed description of the appellant and his car, including the State and number of the automobile license. The police found the car outside Brown's Country Store and arrested the appellant inside. Since the arresting officers had received reliable and credible information that a felony had been committed by the appellant, they had probable cause to arrest him. *Simmons v. State*, 198 Tenn. 587, 281 S.W.2d 487 (1955); *Jones v. State*, 161 Tenn. 370, 33 S.W.2d 59 (1930). The issue challenging the arrest is overruled.

■ After the appellant was taken into custody, he was placed in a lineup and identified by the victims. He contends that evidence of the identification was improperly admitted at trial because he was not represented by counsel at the lineup. He urges us to extend the protections of *State v. Mitchell*, 593 S.W.2d 280 (Tenn.1980), in which the Supreme Court said that a defendant is entitled to counsel at a lineup conducted after an arrest pursuant to a warrant, to situations in which there has been an arrest without a warrant. We decline to do so. The court in *Mitchell* stated that the right to counsel attaches

when adversary judicial proceedings are initiated and explicitly recognized that no such right exists when the arrest is made without a warrant. *Id.* at 286, n. 4. Because he was not arrested pursuant to a warrant and adversary proceedings had not been initiated against him, the appellant was not denied his constitutional rights by the uncounseled lineup.

■ The Supreme Court recognized in *Mitchell,* however, that even after a warrantless arrest, the accused is protected against "unnecessarily suggestive procedures." 593 S.W.2d at 286, n. 4. The appellant argues that the lineup here was unduly suggestive. The victims viewed the lineup individually, and, without coaching from the police, each identified the appellant as the robber. We cannot accept the appellant's argument that he was prejudiced because he was the only man in the lineup with a scar on his forehead. Both victims testified that the appellant wore a large hat pulled down over his forehead. The fact that he had a scar could not have influenced their identification nor have unduly directed their attention to him as the robber. We also note that the police have no duty to provide individuals identical to the accused to place in the lineup, and we see no prejudice to the appellant by the failure of the police to find five other men with scars on their foreheads. The evidence supports the trial court's finding that the lineup was fair. We overrule the issues questioning the lineup.

■ There is no merit in the appellant's fifth issue alleging that irrelevant evidence–the pistol recovered at Brown's Country Store–was introduced at trial. Both of the victims described the pistol as similar to the one used by the appellant in the armed robbery. It was for the jury to determine if the weapon was the one used in the holdup; thus, there was no error in the court's allowing it into evidence.

■ The appellant's final issue contests the trial judge's failure to grant a mistrial

when a State's witness testified that the appellant was in jail at the time of the trial. Since there is no indication that the statement affected the judgment, Tenn.R.App.P. 36(b), we overrule this issue.

The judgment of the trial court is affirmed.

TATUM and SCOTT, JJ., concur.