**STATE of Tennessee, Appellee,**

v.

**Quinton MALLARD, Appellant.**

Court of Criminal Appeals of Tennessee, Jackson.

March 24, 1983.

Permission to Appeal Denied by Supreme Court May 31, 1983.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Roger D. Moore, Asst. Dist. Atty. Gen., Jackson, for appellee.

Hughie Ragan, Jackson, for appellant.

## OPINION

WALKER, Presiding Judge.

Convicted of robbery by means of a deadly weapon and sentenced to 20 years in the penitentiary, the appellant, Quinton Mallard, appeals to this court. He says that his conviction should be reversed because of insufficiency of the evidence, improper interrogation and argument by the prosecutor, and failure of the state to furnish proper discovery and to produce exculpatory evidence on identification. We find no reversible error and affirm the conviction.

At about 6:50 p.m., on January 26, 1982, Shirley Sullivan, owner of Granny's Fried Chicken fast food business in Jackson, was robbed of $345.05 in two cash registers by a man with a sawed-off shotgun. She positively identified the appellant in court as the unmasked man she first saw in a mirror and who robbed her. She said that she particularly noticed his eyes and that she observed him closely when he robbed her and took the money from the window register and the register at the front of the store. She signalled to her cook, John Ross, that she was in distress. The robber told Ross not to move and instructed Ms. Sulli-

van to hurry because he needed a shot. She noticed that he was perspiring profusely. After getting the money, he ordered her to lie down on the floor and then left.

Although Ms. Sullivan first described Mallard as much shorter and not as heavy as he actually was, she explained that he was leaning over the counter when she first saw him and that she concentrated on his eyes. She noticed that he wore a toboggan cap which concealed his hair.

On cross-examination defense counsel developed that Ms. Sullivan had seen an artist's sketch of the description of the victim of another armed robbery in the same neighborhood that evening; that she had seen Mallard through a two-way mirror at a showup, had looked at mug books and had picked his photograph from eight or ten pictures. When she saw his picture, she said she dropped it and her legs "gave out" just from seeing it.

The appellant did not testify. His brother testified that the appellant did not have a shotgun and that they were together playing pool at the time of the alleged robbery.

■ The jury rejected the appellant's alibi defense and accredited the state's witnesses. Ample evidence supports the jury's determination of Mallard's guilt under Rule 13(e), Tenn.R.App.P.; *State v. York*, 605 S.W.2d 837 (Tenn.Cr.App.1980).

■ The appellant's claims of prosecutorial misconduct are without merit. He contends that the prosecutor brought out his previous convictions and the fact that he was on parole. The appellant's brother gave this information in response to a question on cross-examination not calling for that answer. It is obvious that the state did not seek the answer of the defense witness. The court admonished the jury to disregard that portion of the answer. In another instance a witness answered responsively to inquiry by defense counsel about a criminal report. On request the trial judge gave curative instructions.

■ By cross-examination of the state's witnesses, defense counsel raised the issue of the missing witness, John Ross, and the existence of additional police records. The trial judge carefully restricted the scope of the state's inquiry to permissible limits. The trial judge did not permit Ms. Sullivan to testify about threatening telephone calls she had received. The assistant district attorney general retracted his reference to a poolroom as a "joint," and apologized for it. In closing argument, defense counsel objected that the prosecutor pointed his finger at the accused. The court directed the jury to ignore it if it had occurred. In short, the record shows no misconduct on the part of the prosecutor, and the trial judge was careful to see that the appellant had a fair trial.

Mallard insists that the state failed to provide appropriate discovery and to furnish exculpatory evidence as required.

By a pretrial motion defense counsel moved and was granted discovery and also a bill of particulars. In the bill of particulars, the state said that its files were open to the defendant for discovery and all information in the case was subject to discovery under the rules. In answer to the motion for discovery, the state also told defense counsel that the files were open to him at all times during business hours. In the jury-out hearing, it is apparent that the district attorney general has an open file disclosure rule and that his office will furnish whatever defense counsel requests for proper discovery.

The appellant complains that he was not furnished information about his identification by showup, drawing and picture display as well as the victim's examination of mug books. When procedures for lineups, showups and picture identification are desired, counsel should specifically request them. It is clear that this information could have been obtained even by an informal request of the state. The "boiler plate" discovery motion is not sufficient to require the state to assemble the specified information until the defense indicates an interest in it. Thus, the prosecutor is not required to assemble information that is not useful in the case. ABA Standards for Criminal

Justice, Discovery and Procedure before Trial, 2d ed. 1980, sec. 11–2.3. The open file rule minimizes the need for judicial supervision of basic discovery. Supra, Standard 11–2.1(a). The request requirement is intended to ensure that the prosecutor has a clear idea of the information wanted by the defendant and to avoid wasteful collection of information not useful to the particular defendant. The request will usually provide an opportunity for counsel to discuss the mechanics of implementing the disclosure requirements. ABA Standards, supra.

 We find no failure of the state to furnish proper discovery here. Mallard complains that he was not told of his oral exculpatory statement which was disclosed by Lieutenant Pipkin on his cross-examination. The state did not intend to offer this statement and its disclosure was not required. *State v. Hicks,* 618 S.W.2d 510, 513 (Tenn.Cr.App.1981).

We find no improper denial of discovery under the state's open file rule. We likewise find no suppression of exculpatory evidence under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and *United States v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

The judgment is affirmed.

DWYER and TATUM, JJ., concur.