**STATE of Tennessee, Appellee,**

v.

**David BROWNELL, Appellant.**

**No. 84-5-III.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 22, 1985.

W.J. Michael Cody, Atty. Gen. & Reporter, Jerry L. Smith, Asst. Atty. Gen., Robin J. Mitchell, Legal Asst., Paul DeWitt, Asst. Dist. Atty. Gen., Nashville, for appellee.

William L. Shulman, Sr. Asst. Public Defender, Nashville, for appellant.

OPINION

O'BRIEN, Judge.

The case comes from the Criminal Court of Davidson County. Defendant entered

guilty pleas to two counts of vehicular homicide by intoxication. He was sentenced by the court to serve two (2) to eight (8) year concurrent sentences which were run consecutively to any sentence defendant was then serving. He was found to be a Range I offender with a parole eligibility date of thirty percent (30%). With the consent of the court and of the State defendant reserved the right to appeal a certified question of law dispositive of the case.

The question certified by the court is whether an indictment should be dismissed if the State fails to preserve, either negligently or intentionally, physical evidence which may have possible exculpatory value to the defendant. Tenn.R.Crim.P. 16(a)(1). This question requires a summary of the evidence heard on the motion to dismiss the indictment.

On May 11, 1983, shortly past 10:00 p.m., defendant was involved in an accident on Robertson Avenue in the City of Nashville. Two pedestrians had been killed. Officer James Evans, assigned to the Identification Section of Metro Police Department, was directed to the scene to take photographs. The camera he was using malfunctioned and the negatives of the pictures taken were blank. Pictures taken by him of the accident victims at the hospital on the same night did develop. It was indicated the use of a flash attachment was not required at the hospital. The officer subsequently returned to the accident scene with a different camera. This camera too failed to function properly and the negatives were blank.

A stipulated statement of facts was that there was no autopsy or blood tests performed on the victims in the case, and that defendant's automobile had been sold at the Metro Police Department Tow-in Lot prior to the guilty plea hearing.

At the defendant's guilty plea submission, held immediately after the hearing and denial of the motion to dismiss the indictment, the State's offer of proof showed that when the officers arrived on the accident scene they found a yellow Ford Torino automobile sitting in the ditch on Robertson Road. The defendant, evidencing pronounced signs of alcohol consumption, was the driver of that automobile. Investigation indicated that two pedestrians had been struck by the vehicle driven by defendant and fatally injured. Blood samples taken between 1½ and 2 hours later indicated defendant's blood alcohol content to be .15%.

It is insisted that defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, Sec. 8 of the Tennessee Constitution have been violated by the State's failure to collect and preserve evidence which he says might have been exculpatory of him.

It is defendant's further insistence, in which he is correct, that he has a right under the Rules of Criminal Procedure to discover significant parts of the State's proposed proof. However, there is no motion for discovery in this record. In the absence of a timely motion for discovery, required by Tenn.R.Crim.P. 12(b)(4), defendant has waived any right to review errors on appeal that might be connected with such a motion.

There is a distinction between a right to discovery which is statutory, and the constitutional right to the production of exculpatory evidence. *Hamilton v. State*, 555 S.W.2d 724, 730 (Tenn.Cr.App.1977). The suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 1197, 10 L.Ed.2d 215 (1963). There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one. See *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). The State is under no obligation to make an investigation, or to gather evidence, for the defendant. See *State v. Reynolds*, 671 S.W.2d 854, 856 (Tenn.Cr.App.1984). Defendant's

motion to dismiss the indictment alleges that certain items of evidence were not preserved for study, analysis, testing or examination by him, including autopsy reports, or blood tests, or the photographs of his automobile taken by police department officers. An autopsy of the two victims was not made, nor were blood tests taken from either of them. Where such evidence does not exist the State cannot be charged with suppressing it. The same is true of photographs of the accident scene. They are non-existent. Unfortunately, photographs taken of defendant's automobile at the tow-in lot have disappeared, and defendant's vehicle was sold by police authorities prior to the hearing on the motion to dismiss. All efforts of the police officers to locate the pictures taken of defendant's vehicle at the tow-in lot were fruitless. Apparently the negatives were mis-filed among some two thousand or more folios at the police station, and up until the date of the hearing on the motion to dismiss they had not been located. In *United States v. Augenblick,* 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969), the Supreme Court dealt with the issue of lost tapes which were not produced and could not be located. The record was devoid of credible evidence they were suppressed. The court, dealing with Federal Discovery Rules, stated that the rules were not cast in constitutional terms. It held the question of the tapes was not one of constitutional dimension, and we so hold here. The same is true of defendant's automobile. Perhaps the sale of the automobile was premature in relation to the trial of the case, but the record is devoid of any evidence of when the car was sold. There is nothing in the record to show that defense counsel did not have an adequate opportunity to examine the vehicle prior to its disposition. The State indicated at the hearing on the motion to dismiss the indictment that they had found the person to whom the vehicle was sold and there was a possibility of locating it. However, there simply was no constitutional violation under the facts in this case.

We find defendant's complaint to be without merit and affirm the judgment of the trial court.

TATUM, J., and SAMUEL L. LEWIS, Special Judge, concur.