IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

DECEMBER 1996 SESSION

FILED

April 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02-C-01-9607-CC-00237 |
| APPELLEE, | ) | |
| | ) | Gibson County |
| v. | ) | |
| | ) | Dick Jerman, Jr., Judge |
| MATTHEW LYNN KING, | ) | |
| | ) | (Second Degree Murder) |
| APPELLANT. | ) | |

FOR THE APPELLANT:

Dwayne D. Maddox, III
Maddox, Maddox & Maddox
105 East Main Street
Huntingdon, TN 38344

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Deborah A. Tullis
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Clayburn L. Peeples
District Attorney General
109 East First Street
Trenton, TN 38382-1841

Gary G. Brown
Assistant District Attorney General
109 East First Street
Trenton, TN 38382-1841

OPINION FILED: _____

AFFIRMED

Joe B. Jones, Presiding Judge

# O P I N I O N

The appellant, Matthew Lynn King, (defendant), was convicted of murder in the second degree, a Class A felony, by a jury of his peers. The trial court found the defendant was a standard offender and imposed a sentence consisting of confinement for fifteen (15) years in the Department of Correction. Two issues are presented for review. The defendant contends the evidence is insufficient, as a matter of law, to support his conviction. He further contends exculpatory evidence was suppressed by the state. After a thorough review of the record, the briefs submitted by the parties, and the law which governs the issues presented for review, it is the opinion of this Court the judgment of the trial court should be affirmed.

On the morning of January 28, 1995, the defendant went to the home of Aaron Dudley. Maurice Teague was visiting Dudley when he arrived. Teague told the defendant a mutual friend, Kenny Taylor, had taken the defendant's motor vehicle.

The defendant and Teague took Taylor's vehicle, a white Tracker, to get Tom Doster. Doster informed Teague and the defendant Taylor had taken the defendant's gray Cougar to Milan to purchase crack cocaine. The defendant expressed concern for his motor vehicle and Taylor because the Cougar's transmission needed to be repaired. Also, the defendant did not want Taylor purchasing illicit narcotics while operating his motor vehicle.

Teague, Doster and the defendant travelled to Milan. They saw Taylor and Carl Townes in the defendant's motor vehicle. They were in a neighborhood reputed for the sale of crack cocaine.

Taylor pulled the Cougar into a driveway of a residence and Teague, who was driving the Tracker, parked on the street next to the driveway. Teague and Taylor exited the vehicles and conversed for approximately five minutes. Taylor agreed to drive the Cougar to the residence of the defendant in McKenzie. Teague and Taylor hugged, Teague returned to the Tracker, and Taylor followed him to the vehicle.

Teague got into the driver's side of the Tracker. Taylor, who was standing on the driver's side of the Tracker, leaned into the vehicle across Teague and told the defendant to keep his nose out of his business. Otherwise, Taylor said he would see the defendant

suffer bodily harm. The defendant told the police he retrieved a pistol from the floorboard of the Tracker and told Taylor, "Man, you're going to take my car home." During the trial, the defendant testified he may have uttered the statement attributed to him in the statement, but he retrieved the pistol after making the statement.

While Taylor was leaning into the Tracker from the driver's side of the vehicle, the defendant retrieved the pistol and fatally wounded Taylor. Teague grabbed the pistol while it was in the defendant's hand. According to the defendant, this caused the pistol to discharge a second time. The projectile struck the floorboard of the Tracker. Taylor went into the yard of the residence and died from the gunshot wound.

The defendant told Teague to leave the scene of the shooting. Teague refused the request. The defendant drove away in the Tracker. He was apprehended by a police officer in Trezevant while en route to McKenzie.

According to the defendant, he was in fear for his life when he pulled the trigger and shot Taylor. Doster and Teague described Taylor as overbearing and cocky. Medical evidence established Taylor had ingested cocaine a short time before he was killed.

## I.

The defendant contends the evidence is insufficient, as a matter of law, to support a finding by a rational trier of fact he was guilty of murder in the second degree beyond a reasonable doubt. He argues he acted in self-defense. In the alternative, he claims the evidence establishes he was guilty at most of voluntary manslaughter.

## A.

When an accused challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253

3

(Tenn. Crim. App.), per. app. denied (Tenn. 1990).

In determining the sufficiency of the convicting evidence, this Court does not reweigh or reevaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App.), per. app. denied (Tenn. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859, cert. denied, 352 U.S. 845, 77 S.Ct. 39, 1 L.Ed.2d 49 (1956). To the contrary, this Court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d at 835. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Since a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Tuggle, 639 S.W.2d at 914.

**B.**

Before the defendant could be convicted of murder in the second degree, the State of Tennessee was required to establish beyond a reasonable doubt the defendant (a) unlawfully killed Taylor and (b) did so knowingly. Tenn. Code Ann. § 39-13-210(a)(1). The record establishes both elements of this offense.

The defendant admitted he retrieved the pistol from the floorboard of the Tracker, insisted the victim take his motor vehicle to his home in McKenzie, and then shot the victim. The victim died as a result of the gunshot wound. While there was evidence the defendant acted in self-defense, the jury found to the contrary. As previously stated, the resolution of conflicting evidence is for the jury, not this Court. The jury saw the witnesses, observed their demeanor, and assessed their credibility. Obviously, the jury did not believe the defendant acted in self-defense or the killing occurred during the heat of passion.

The evidence is clearly sufficient to support a finding by a rational trier of fact the defendant committed murder in the second degree by killing Taylor beyond a reasonable doubt. Tenn. R. App. P. 13(e).

**II.**

The defendant filed a motion seeking the entry of an order requiring the State of Tennessee to furnish him with exculpatory evidence. The motion was generic -- very general -- as it did not ask for the production of a specific object or specific information. In this Court, the defendant contends his right to due process of law was violated because the State of Tennessee failed to "investigate the issue of ownership of the alleged murder weapon and fail[ed] to provide that information to the defendant after proper requests were made." While the defendant apparently had the serial number of the murder weapon, he argues he did not "have the ability the State has to trace serial numbers of weapons, and the information may have even been readily available from the victim's family upon request." He also complains he had to take the witness stand to establish he did not own the murder weapon.

5

While the serial number of the murder weapon was available to the defendant, it appears the defendant made no effort or attempt to trace the serial number. Also, the record is devoid of evidence the defendant attempted to attain this information from the victim's family. If the defendant had made an attempt to obtain this information, and the defendant was unsuccessful, he could have filed a specific motion to obtain the ownership of the murder weapon from the state.

The fallacies in the defendant's argument are numerous. First, there is no indication in the record the state, or any investigating agency, possessed the name of the person who owned the murder weapon. Second, the state had no obligation to conduct an investigation to determine who owned the murder weapon. State v. Brownwell, 696 S.W.2d 362, 363 (Tenn. Crim. App. 1985). Third, assuming arguendo the state had the information, the defendant did not request the information; and the defendant has failed to establish the materiality of the ownership of the weapon. Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Fourth, the defendant had the serial number and made no effort to determine who owned the murder weapon.

This issue is without merit.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
JOSEPH M. TIPTON, JUDGE


_____
JERRY L. SMITH, JUDGE


6