IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST SESSION, 1999

FILED

September 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | |
| | * | No. 01C01-9711-CC-00518 |
| Appellee, | * | |
| | * | LINCOLN COUNTY |
| vs. | * | |
| | * | Hon. Charles Lee, Judge |
| MICHAEL BROWN, | * | |
| | * | (Sale of Cocaine) |
| Appellant. | * | |

For the Appellant:

**Michael O. Brown**, *Pro Se*
CCA/SCCC
Post Office Box 279
Clifton, TN  38425

For the Appellee:

**Paul G. Summers**
Attorney General and Reporter

**Clinton J. Morgan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**W. Michael McCown**
District Attorney General

**Weakley Edward Barnard**
Asst. District Attorney General
P. O. Box 878
Fayetteville, TN  37334

OPINION FILED: _____

AFFIRMED

**David G. Hayes,** Judge

## OPINION

The appellant, Michael Brown, appeals *pro se*,[1] his conviction for one count of sale of cocaine, a class B felony. The Lincoln County Circuit Court subsequently sentenced the appellant, as a range II offender, to twenty years in the Tennessee Department of Correction. In this appeal as of right, the appellant raises the following issues:

> I. Whether the prosecution's failure to disclose the identity of all persons present at the time of the alleged offense was error;
>
> II. Whether the prosecution violated Tenn. Code Ann. §§ 39-16-107 & 39-16-507 (1991) by bribery and coercion of a State's witness;
>
> III. Whether the prosecution's failure to produce Jencks material and the trial court's failure to impose contemporaneous sanctions upon the State was error;
>
> IV. Whether the appellant was denied a fair trial by the prosecutor's remarks during closing argument vouching for a witness's identification of the appellant;
>
> V. Whether the trial court erred by failing to instruct the jury on a lesser included offense; and
>
> VI. Whether the evidence was sufficient as a matter of law to support the conviction.

After review of the record, we affirm the judgment of the trial court.

## Background

In January 1995, TBI Agent Patrick Howell was assigned to assist the 17th Judicial District Drug Task Force in the surveillance and purchase of drugs in Lincoln County. Also assigned to the Drug Task Force were Agents Robert Brisco

---

[1]The record indicates that "the appellant was originally represented by counsel, however, on February 18, 1998, [this] Court granted the appellant's motion to represent himself on appeal." See State v. Michael O. Brown, No. 01C01-9711-CC-00518 (Tenn. Crim. App. at Nashville, Apr. 3, 1998); State v. Michael O. Brown, No. 01C01-9711-CC-00518 (Tenn. Crim. App. at Nashville, Feb. 18, 1998).

and Ray Brisco who were employed as deputies with the Lincoln County Sheriff's Department. Agents Robert Brisco and Ray Brisco contacted Francine Strong, who was acting as a confidential informant for the Drug Task Force, to arrange a large purchase of cocaine for an undercover agent. On Wednesday, January 25, 1995, Francine Strong succeeded in setting up a "drug buy" at Sandra Oden's residence at the Oak View Apartments in Fayetteville. Special Agent Howell, outfitted with an audio transmitter and a tape recorder, met Strong and Oden at a local convenience store and rode to the Oak View Apartments in Strong's vehicle. Strong advised Agent Howell that she and Oden had arranged for the appellant to meet Howell that evening for the purpose of selling an eight-ball (⊂ ounce) of crack cocaine. Strong added that the appellant wanted $175 for the drugs. Upon arriving at the apartment complex, Agent Howell was directed to Strong's apartment; fifteen minutes later, he was instructed to go down the stairway to Oden's apartment. Several other people who were unknown to Agent Howell were also present in the apartment. Agent Roy Brisco and Agent Robert Brisco set up surveillance in the parking lot outside the apartment. Shortly thereafter, Strong advised Agent Howell that the appellant had pulled in the parking lot. At that time, an unidentified black female, identified at trial as Beverly Brown, left the apartment. Several minutes later, the female returned to the apartment accompanied by the appellant. Agent Robert Brisco, who was outside at the time, later confirmed that the appellant arrived in a Cadillac and that a black female approached the vehicle.

Once in the apartment, the appellant gave the cocaine to Strong. Agent Howell instructed Strong "to let [him] examine it." "[He] looked at it. Then [he] asked [the appellant] what the price was [ . . . "if it was $150."] ["[The appellant] told [Howell] that he was incorrect] . . . the price would be $175." Agent Howell then asked the appellant if he had five dollars change and handed the appellant $180 cash. The appellant gave Agent Howell five one dollar bills in return. Within three

minutes, the appellant left the apartment. The entire transaction lasted about six to eight minutes.

At trial, the testimony and evidence presented by the State confirmed that the substance sold to Agent Howell for $175 was 3.1 grams of "cocaine base;" enough cocaine for 25 to 50 uses. The jury was also informed that Francine Strong was a confidential informant for the Lincoln County Drug Task Force. She testified that she agreed to "work" for the task force in exchange for a suspended sentence arising from drug-related charges against her. Strong stated that Beverly Brown, who was present at the time of the undercover transaction and was the female who accompanied the appellant into the apartment, did not know anything of the arranged sale. She added that Ms. Brown was a relative of the appellant. In addition to Agents Howell's and Brisco's identifications of the appellant, Strong also made an in-court identification of the appellant. Sandra Oden, also a confidential informant, could not make a positive identification of the appellant as the person engaged in the drug transaction with Agent Howell on January 25. She explained that "[she] was really on drugs, and [she] just really didn't care about faces."

Based upon this information, the jury found the appellant guilty of class B sale of cocaine.

## I. Waiver

The appellant's issues I through V are presented within the context of plain error, Tenn. R. Crim. P. 52(b), and, thus, are raised for the first time on appeal. The State argues that these issues are waived as they were not included in the appellant's motion for new trial. See Tenn. R. App. P. 36(a); 3(e). The general rule is that this court does not consider issues that are not raised in the trial court. See

4

State v. Hoyt, 928 S.W.2d 935, 946 (Tenn. Crim. App. 1995). However, this court may "only recognize errors pursuant to rule 52(b) that 'seriously affect the fairness, integrity or public reputation of judicial proceedings'" when necessary to prevent a miscarriage of justice." State v. Adkisson, 899 S.W.2d 626, 639-40 (Tenn.Crim.App. 1994) (footnotes omitted). "This rule should not be invoked to recognize an error that is not plain or does not affect a substantial right of the accused." Id. In determining whether an error constitutes plain error, the reviewing court must consider the following factors:

(a) the record must clearly establish what occurred in the trial court;
(b) a clear and unequivocal rule of law must have been breached;
(c) a substantial right of the accused must have been adversely affected;
(d) the accused did not waive the issue for tactical reasons; and
(e) consideration of the error is 'necessary to do substantial justice.

Id. at 641-642 (footnotes omitted). Thus, our review will be limited to address alleged errors encompassed within these guidelines. Tenn. R. Crim. P. 52(b).

## A. Failure to Disclose Identity of Beverly Brown

In his first issue, the appellant contends that, despite his specific request in both his Rule 16 motion for discovery and Rule 7 motion for bill of particulars, the State failed to reveal the identity of Beverly Brown as a person present at the time of the alleged offense.[2] He contends that the State's failure to do so prejudiced his defense in that Beverly Brown would have provided information to exonerate the appellant.[3]

---

[2]Neither Tenn. R. Crim. P. 16 (discovery) nor Tenn. R. Crim. P. 7(c)(bill of particulars), encompass the discovery of potential witnesses. See Tenn. R. Crim. P. 16; Advisory Commission Comments, Tenn. R. Crim. P. 7(bill of particulars not meant to be used for purposes of broad discovery). Notwithstanding, the State is required pursuant to Brady v. Maryland, *infra*, to divulge information that is favorable to the accused.

[3]Indeed, at the motion for new trial, the appellant submitted, in an offer of proof, the affidavit of Ms. Brown stating that the appellant was not the person who sold drugs to Agent Howell. We note that Ms. Brown's statement exonerating the appellant, a relative of Ms. Brown, was not made until January 14, 1997, two years after the offense occurred.

5

There is no general constitutional right to discovery in a criminal case, see Pennsylvania v. Richie, 480 U.S. 39, 107 S.Ct. 989 (1987); Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837 (1977), and the State is not obliged to make an investigation or to gather evidence for the defendant. See State v. Reynolds, 671 S.W.2d 854, 856 (Tenn. Crim. App. 1984). A distinction exists between a statutory right to discovery and the constitutional right to the production of exculpatory evidence. State v. Brownell, 696 S.W.2d 362, 363 (Tenn. Crim. App. 1985); Hamilton v. State, 555 S.W.2d 724, 730 (Tenn. Crim. App. 1977). Unless the omission deprived the defendant of a fair trial by failing to provide favorable evidence, there is no constitutional violation requiring that the verdict be set aside, and there is no breach of the prosecutor's constitutional duty to disclose. See Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555 (1995). The State had three witnesses who could positively identify the appellant as the seller. See Roberts v. State, 489 S.W.2d 263, 265-66 (Tenn. Crim. App. 1972) (the law does not require that the State call any particular witness in a criminal prosecution or that it use all of the witnesses it might have available). Prior to and during the appellant's trial, there is no indication in the record that the identity of Ms. Brown, who was not called as a witness at trial, was potentially favorable information for the defense. See generally United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375 (1985); Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 (1963). Thus, we decline to determine this issue under plain error.

**B. Bribery of Witness Francine Strong**

The appellant next asserts that "the State violated [Tenn. Code Ann.] §§ 39-16-107 [and 39-16-507] by offering, conferring or agreeing to confer anything of value to the witness [Francine Strong] in exchange for the giving of trial testimony." The only support for his position is an affidavit of Francine Strong, signed two years after the date of the offense, recanting her testimony at trial. This affidavit was entered in an offer of proof at the appellant's motion for new trial.

6

At the appellant's trial, the jury was aware of Strong's criminal history and her cooperation with the Drug Task Force in exchange for a suspended sentence. Provided with this knowledge, it was the jury's function as the sole judges of the credibility to weigh any bias or motive for her testimony and ascertain the truth of the informant's account in light of all the circumstances. Her subsequent affidavit does not offer anything more than what was before the jury at the time of the trial regarding the motivation for Strong's testimony. Thus, the issue is one of Strong's credibility and does not affect a substantial right of the appellant. This issue is waived.

### C. Failure to Provide Jencks Material

The appellant next contends that the State's failure to provide him with Jencks material and the trial court's inaction thereupon denied him a fair trial. We reject review of this issue as plain error. Because the original Jencks opinion was founded on the United States Supreme Court's supervisory powers, and not on constitutional grounds, a denial of that right does not, *per se*, result in constitutional error. See Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007 (1957); Palermo v. United States, 360 U.S. 343, 345, 362, 79 S.Ct. 1217, 1221, 1229-30 (1959). Thus, this issue is also waived.

### D. Prosecutorial Misconduct in Closing Statement

The appellant asserts that the prosecutor, during closing argument, improperly vouched for a State's witness's identification of the appellant, effectively, denying him due process rights under Article 1, Section 8 and Article 1, Section 16 of the Tennessee Constitution. He complains that this reference inserted the prosecutor's personal knowledge into the trial, thus undermining confidence in the verdict. The comment complained of provides:

> And I know that Brisco had seen him any number of times, and he identified him as having seen him that night and had seen him the day before. This is not, ladies and gentlemen, a case of mistaken identity.

As argued by the State, the appellant has waived review of this issue by failing to raise an objection during closing argument. Tenn. R. App. P. 36(a). Notwithstanding waiver of this issue, we acknowledge that our supreme court has recognized that closing argument is a valuable privilege for both the State and the defense and that counsel is afforded wide latitude in presenting final argument to the jury. See State v. Cribbs, 967 S.W.2d 773, 783 (Tenn.), cert. denied, -- U.S. --, 119 S.Ct. 343 (1998); State v. Cone, 665 S.W.2d 87, 94 (Tenn.), cert. denied, 467 U.S. 1210, 104 S.Ct. 2400 (1984). In order for a defendant to be granted a new trial on the basis of improper closing argument, he must show that the argument was so inflammatory or the conduct so improper that it affected the verdict to his detriment. See Harrington v. State, 385 S.W.2d 758, 759 (1965). See, e.g., Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976) (factors considered in assessing whether comments affected verdict).

From our review of the record, it is clear that the prosecutor was not inserting any personal accreditation to the witness's identification. The comment by the prosecutor merely reiterated the witness's testimony that he had seen the appellant the night of the offense and the day before, *i.e.*, a number of times. Thus, we conclude that the prosecutor's comment does not serve as a basis for a new trial. This issue is without merit.

### E. Failure to Instruct on Lesser Offense

Next, the appellant contends that the trial court's failure to instruct the jury on the lesser offense of casual exchange denied him his constitutional right to trial by jury. See State v. Phipps, 883 S.W.2d 138, 142 (Tenn. Crim. App. 1994); State v. Wright, 618 S.W.2d 310, 315 (Tenn. Crim. App. 1981). A trial court must fully instruct the jury on the general principles of law relevant to the issues raised by the evidence, including instructions on lesser offenses included in the indictment.

See Tenn. Code Ann. § 40-18-110(a)(1990). This obligation includes giving instructions on lesser offenses included in the indictment, without any request on the part of the defendant. See Tenn. Code Ann. § 40-18-110(a). However, there is no constitutional right to a jury instruction on a lesser offense in every case. See Keeble v. United States, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995 (1973). Thus, where there is no proof in the record to support the instruction, no jury instruction on the lesser offense need be submitted. State v. Elder, 982 S.W.2d 871, 877 (Tenn. Crim. App. 1998) (citing State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1991)).

It may be inferred from the amount of a controlled substance possessed by an offender, along with other relevant facts surrounding the arrest, that the controlled substance was possessed for the purpose of selling. Tenn. Code Ann. § 39-17-419 (1991). It may likewise be inferred from circumstances indicating an exchange of a small amount of a controlled substance that the controlled substance exchanged was not possessed for the purpose of selling. Id. Indeed, a casual exchange is one that occurs without design; it contemplates a spontaneous passing of a small amount of drugs, for instance, at a party. See Loveday v. State, 547 S.W.2d 822 (Tenn. Crim. App. 1976). In the present case, Agent Howell purchased $175 worth of cocaine as part of an undercover drug transaction set up by a confidential informant. The evidence is overwhelming that the transaction in the present case was a designed sale. There is no evidence of a casual exchange. Under similar circumstances, this court has previously refused to require that the jury be instructed as to simple possession as a lesser included offense. See, e.g., State v. George Rose, No. 02C01-9710-CR-00405 (Tenn. Crim. App. at Jackson, Jul. 2, 1998), perm. to appeal denied, (Tenn. Jan. 11, 1999); State v. David Humphrey, No. 01C01-9404-CR-00134 (Tenn. Crim. App. at Nashville, Feb. 8, 1995); State v. William Howard Horton, No. 01C01-9312-CR-00435 (Tenn. Crim. App. at Nashville, Oct. 6, 1994), perm. to appeal denied, (Tenn. 1995); State v. Jay F. Salts III, No. 01C01-9306-CC-00181 (Tenn. Crim. App. at Nashville, Mar. 29,

1994).  The trial court was not required to instruct the jury on the lesser offense.
This issue is without merit.

## II. Sufficiency of the Evidence

In his final issue, the appellant challenges the sufficiency of the evidence
supporting his conviction.  Specifically, he contends that (1) Agent Howell's
testimony regarding the "general practice" and procedures of the TBI were not
followed because Howell failed to make several purchases from the target in order
to properly identify the supplier;  (2) the State failed to show that Agent Howell was
issued $180 dollars to make the alleged purchase; (3) the State failed to prove that
the appellant received any money from Agent Howell; (4) the State failed to show
that any exchange of money for drugs occurred between the appellant and any of
the prosecution witnesses; (5) confidential informant Francine Strong  gave false
testimony at trial;  and (6) conflicts existed in the testimony of State's witnesses.[4]

Once the accused is convicted of an offense, the presumption of innocence
once attached to him is replaced with one of guilt, so that on appeal he has the
burden of demonstrating that the evidence is insufficient.  State v. Tuggle, 639
S.W.2d 913, 914 (Tenn. 1982).  On appeal, this court neither reweighs nor
reevaluates the evidence.  State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).
Furthermore, the State is entitled to the strongest legitimate view of the evidence
and all reasonable or legitimate inferences which may be drawn therefrom.  State v.
Harris, 839 S.W.2d 54, 75 (Tenn. 1992).  If the evidence, viewed under these
standards, is sufficient for any rational trier of fact to have found the essential
elements of the offenses beyond a reasonable doubt, then this court must affirm the

---

[4]The appellant also raises evidentiary issues within his sufficiency argument, e.g.,
evidence more prejudicial than probative.  We note that no objection was entered at trial and
accordingly the alleged error is waived.  See  Tenn. R. App. P. 36(a).

10

conviction. <u>Jackson v. Virginia</u>, 443 U.S. 307, 317, 99 S.Ct. 2781, 2789 (1979); <u>State v. Cazes</u>, 875 S.W.2d 253, 259 (Tenn. 1994); Tenn. R. App. P. 13(e).

The jury found the appellant guilty of sale of cocaine over one-half gram in violation of Tenn. Code Ann. § 39-17-417(a)(3), (c)(1) (1995 Supp.). In order to convict under this statute, the State must prove that the accused knowingly sold a controlled substance, cocaine, in an amount equal to or greater than one-half gram. <u>Id.</u> The substance and quantity of the sale are not disputed. Moreover, Agents Howell and Brisco and confidential informant Francine Strong positively identified the appellant as being the person who sold an "eight ball" of cocaine to Agent Howell on January 25, 1995. Questions involving the credibility of eyewitness testimony identifying the accused as the perpetrator of the indicted offense are for the jury's determination and not this court's. <u>State v. Strickland</u>, 885 S.W.2d 85, 87 (Tenn. Crim. App. 1993) (citing <u>State v. Crawford</u>, 635 S.W.2d 704, 705 (Tenn. Crim. App. 1982)); <u>see also</u> <u>State v. Williams</u>, 623 S.W.2d 118, 120 (Tenn. Crim. App. 1981). Accordingly, the appellant has failed to show that the evidence at trial is insufficient for any rational trier of fact to find the essential elements of this offense beyond a reasonable doubt. Tenn. R. App. P. 13(e). This issue is without merit.

**Conclusion**

Based upon our review of the record and the applicable law, we affirm the judgment of the trial court.

11

_____
DAVID G. HAYES, Judge


CONCUR:



_____
JOE G. RILEY, Judge


_____
L. T. LAFFERTY, Senior Judge