**STATE of Tennessee, Appellee,**

v.

**Wanda S. SMITH, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 20, 1989.

---

David E. Brandon, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Linda Ann Hammond, Asst. Atty. Gen., Grant Glassford, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

WADE, Judge.

The defendant, initially charged with driving under the influence, leaving the scene of an accident, and three counts of aggravated assault, entered a negotiated plea of guilt to one count of aggravated assault. The trial court sentenced the defendant to five years confinement, followed by a five year period of probation.

After the state filed a motion to correct, the sentence was modified to provide for a term of split confinement with one year in the Davidson County workhouse followed by a four year period of probation. As a condition of the probation, the defendant was ordered to take Antabuse, pay restitution and surrender her driver's license for five years. In this appeal, the defendant claims the trial court erred in denying probation and in setting the conditions of her suspended sentence.

This court affirms the conviction and modifies the sentence imposed by the trial court.

Where there is a challenge to the length, range or manner of service of a sentence, it is the duty of this court to conduct a *de novo* review without a presumption of correctness. Tenn.Code Ann. § 40–35–402(d); *State v. Moss*, 727 S.W.2d 229, 238–239 (Tenn.1986).

The burden of proof, however, is on the defendant to show that she is entitled to the probation requested. *Frazier v. State*, 556 S.W.2d 239 (Tenn.Crim.App. 1977). Among the factors to be considered are (1) the nature and circumstances of the offense; (2) the defendant's criminal record, social history, and present condition; and (3) the deterrent effect upon and best interest of the defendant and the public. *State v. Grear*, 568 S.W.2d 285 (Tenn. 1978).

The record in this case establishes that the defendant, while driving her vehicle under the influence of alcohol, struck three pedestrians, Raymond Harris and his two sons. Because of his injuries, Harris lost his job, the family home, and his automobile. Although all three victims survived the accident, one of the two children was thought to have died on the way to the hospital. The defendant did not stop to render aid after striking the victims. Some two hours after the accident, she was found to have a blood alcohol level of .23%.

The defendant, age 33, has a ninth grade education. Her criminal record indicates that, as a juvenile, she was found delinquent and sentenced to Tennessee Preparatory School. Later, at age 17, she ran away from the school. A charge of malicious mischief, issued one day after the

present incident, was eventually dismissed. The defendant's social history establishes that her mother left home when she was young. Two of the defendant's three children reside with their father. She maintains custody of her oldest child, age 13. The defendant's work history shows periodic employment at minimum wage positions from 1984 to 1988.

The defendant also has a history of alcohol and drug abuse and psychiatric treatment. She had previously been warned not to drink alcohol while on her medication. Her psychologist testified that she suffered from "strong emotional mental illness" but was not schizophrenic. She was responding to treatment for depression at the time of the sentencing hearing. The psychologist expressed concern that incarceration might cause the defendant to "lose it"; he cautioned that she would be a suicide risk.

■ While the defendant's mental condition is worthy of concern, it does not warrant an outright grant of probation. The defendant was diagnosed in 1981 as having emotional problems. Her progress has been slow. While she argues that her mental state will deteriorate if she is incarcerated, it is likely that her most recent efforts to acquire medical assistance are as much an effort to seek leniency in sentencing as a genuine desire to regain full mental health. There is no indication that her mental condition made her unable to appreciate the wrongfulness of her conduct. The consequences of this offense were egregious.

Based upon both individual and societal deterrence and this court's desire to avoid deprecating the seriousness of this offense, we find the sentence of split confinement imposed by the trial court to be entirely appropriate. *See,* Tenn.Code Ann. § 40–35–103(1)(B); *State v. Cleavor,* 691 S.W.2d 541, 543 (Tenn.1985).

■ In this *de novo* review, however, we find certain of the conditions for probation to be inappropriate. The order for restitution, as the state concedes, does not appear to be adequate. Tenn.Code Ann. § 40–35–304 provides in part:

**Restitution as condition of probation— Petition to modify.**—(a) A sentencing court may direct a defendant to make restitution to the victim of the offense as a condition of probation.

(b) Whenever the court believes that restitution may be proper or the victim of the offense or the district attorney general requests, the court shall order the pre-sentence service officer to *include in the pre-sentence report documentation regarding the nature and amount of the victim's pecuniary loss.*

(c) The court shall specify at the time of the sentencing hearing the amount and time of payment or other restitution to the victim and may permit payment or performance in installments. The court may not establish a payment or performance schedule extending beyond the statutory maximum term of probation supervision that could have been imposed for the offense.

(d) *In determining the amount and method of payment or other restitution,* the court shall consider the financial resources and future ability of the defendant to pay or perform. (emphasis added.)

Although Theresa Harris, mother and wife of the three victims, testified to an estimate of the medical expenses incurred, the trial court did not order the pre-sentence service officer to include in the pre-sentence report the required documentation regarding the nature and amount of the victims' losses. The restitution order does not provide the amount to be paid or the manner in which payments are to be made. This cause is remanded to the trial court for a disposition in conformity with Tenn. Code Ann. § 40–35–304.

■ While suggested as a course of treatment by the defendant's own psychologist, the requirement that the defendant undergo Antabuse treatment may also be inappropriate. The defendant must obtain medical care for alcohol abuse during the term of her probation; if approved or recommended by a physician, the court may order treatment with Antabuse.

The defendant also argues that the trial court erred in ordering her to surrender her driver's license for the entire probationary period. Tenn.Code Ann. § 40–35–303(d)(9) provides that a court may require the offender to "satisfy any other conditions reasonably related to the purpose of his sentence and not unduly restrictive of his liberty, or incompatible with his freedom of conscience, or otherwise prohibited by this chapter."

 A surrender of her driver's license is, in our view, entirely appropriate under these circumstances. This court does not find the surrender for the entire probationary period to be too far reaching. The defendant, however, upon a showing of good cause in the trial court, may seek reinstatement of her driving privileges upon her satisfactory completion of the first year of probation.

This cause is remanded to the trial court for the imposition of probationary rules, regulations, and conditions, as authorized by Tenn.Code Ann. § 40–35–303, consistent with this opinion.

BIRCH and REID, JJ., concur.