# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 12, 2014

## STATE OF TENNESSEE v. TYRONE R. TEASLEY

**Appeal from the Circuit Court for Williamson County**
**Nos. II-CR017000, II-CR087471     Timothy L. Easter, Judge**

---

**No. M2014-00507-CCA-R3-CD - Filed January 30, 2015**

---

The Defendant, Tyrone R. Teasley, pleaded guilty before the Circuit Court for Williamson County in case number II-CR087471 to first offense driving under the influence (DUI), a Class A misdemeanor, driving on a revoked, suspended, or cancelled license, a Class A misdemeanor, and reckless driving, a Class B misdemeanor. *See* T.C.A. §§ 55-10-401 (Supp. 2014), 55-50-504 (2012), 55-10-205 (Supp. 2014). The Defendant also pleaded guilty in case number II-CR017000 to first offense per se DUI, a Class A misdemeanor, resisting arrest, a Class B misdemeanor, and failure to report an accident, a Class C misdemeanor. *See id.* §§ 55-10-401 (Supp. 2014), 39-16-602 (2014), 55-10-106 (2012). The trial court sentenced the Defendant to two consecutive terms of eleven months, twenty-nine days for the DUI convictions to be served on probation after 180 days' concurrent confinement. The Defendant also received concurrent sentences of six months for the resisting arrest and the reckless driving convictions to be served on probation after thirty days' concurrent confinement, of eleven months, twenty-nine days for the driving on a revoked license conviction to be served on probation after 180 days' concurrent confinement, and of thirty days' concurrent confinement for failure to report an accident, for an effective sentence of twenty-three months and twenty-eight days with all but 180 days to be served on probation. The trial court also ordered as a condition of probation that the Defendant "lose" his license for five years. On appeal, the Defendant contends that the trial court erred by ordering a five-year license suspension. We reverse the judgments of the trial court and remand for entry of modified judgments reflecting the loss of the Defendant's driving privilege for two years in compliance with Tennessee Code Annotated section 55-10-404(a)(1)(A) (Supp. 2014).

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Reversed; Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Vanessa P. Bryan, District Public Defender; and Robert W. Jones, Assistant District Public Defender, for the appellant, Tyrone R. Teasley.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; Kim R. Helper, District Attorney General; and Carlin Hess, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Pursuant to the negotiated plea agreement, the Defendant pleaded guilty to each offense without an agreement regarding sentencing. At the guilty plea hearing, the State's recitation of facts showed that in case number II-CR017000, the Defendant was involved in a hit-and-run collision during which he fled the scene without reporting the incident and was followed by the other driver. Police officers were dispatched, and they stopped the Defendant. When questioned by the officers, the Defendant had an odor of alcohol, admitted to drinking alcohol, and performed poorly on field sobriety tests. Upon arrest, the Defendant "did not place his hands behind his back and attempted to resist[.]" The Defendant was arrested, and his blood alcohol concentration was 0.18%.

Relative to case number II-CR087471, the State's recitation of the facts showed that the Defendant was involved in a single car crash A state trooper was dispatched and questioned the Defendant, who denied being the driver of the vehicle despite being the only person at the scene. The Defendant had injuries consistent with a roll-over vehicle crash and had debris on him. The Defendant's eyes were bloodshot and watery, and his speech was slurred. The trooper concluded that the Defendant was the driver of the vehicle. The Defendant admitted to drinking two beers earlier that evening, and he performed poorly on field sobriety tests. The Defendant had a revoked license and had two previous convictions for that offense. The Defendant refused a blood-alcohol test.

At the sentencing hearing, the Defendant testified that he was twenty-eight years old, was raised by his grandmother in Michigan, and graduated from high school. He attended one year of college in Michigan but moved to Tennessee in 2006 for work. He said that he was required to make payments toward his student loans before he could obtain additional student loans. He wanted to finish his college education because he had three children.

The Defendant testified that he lived with his sister, Rashonda Cotton. He was caring for his one-year-old daughter at the time of the hearing. He worked at Four Star Paving, and he paid for childcare. He took her to church weekly. He had applied for entry into a project management program at I.T.T. Tech. He said that his current pay rate was $14 per hour and that he would receive benefits for his children.

The Defendant testified that each of his present cases involved alcohol and that he had a drinking problem. He said he was going to attend Alcoholics Anonymous, to obtain a sponsor, and to attempt to stop drinking because it was "a problem in [his] life." He said he was willing "to give it [his] all."

On cross-examination, the Defendant testified relative to the collision involving another vehicle that he knew the occupants of the other vehicle, that the other driver was stopped at a red light, that the light turned green, and that he thought the other driver was going to drive through the intersection. The Defendant slammed on his brakes to prevent a collision but hit the car. The Defendant and the occupants of the other car were driving to Natchez Street to "chill and drink" when the collision occurred. He said he drank two twenty-four ounce beers earlier that day and denied he was impaired at the time of the collision.

The Defendant testified that he was previously charged with disorderly conduct, public intoxication, and underage possession of alcohol in 2006. He was previously arrested for possession of marijuana and ecstasy. He admitted to using ecstasy. He said that he was only previously convicted of public intoxication, disorderly conduct, and possession of marijuana and that he received probation. He said he violated his probation by continuing to drive. The trial court reviewed the probation violation reports, which showed that the Defendant violated the conditions of his release and that the court sentenced him to ten days' confinement and returned him to probation. The Defendant was later arrested for driving on a suspended license and for failure to report the arrest to his probation officer. The Defendant served ninety days in confinement for the probation violation. The Defendant violated his probation a third time by failing to pay fines, fees, and court costs, and the court extended the duration of his probation.

The Defendant testified relative to the roll-over crash that he did not tell the investigating officer that he was driving the car because he was scared. He admitted to drinking two twenty-four ounce beers and one-half pint of liquor that day. He said that the car belonged to his then-fiancée's father and that he had permission to drive the car. He said that after the incident, he and his fiancée decided not to marry and that her father later told the police the Defendant did not have permission to drive the car. He said they were mad at him. Upon questioning by the trial court, the Defendant stated that he was released on bond when the first DUI occurred.

The trial court found that enhancement factor (1) applied based on the Defendant's previous convictions for possession of a controlled substance, public intoxication, disorderly conduct, and several driving-related offenses. *See* T.C.A. § 40-35-114(1) (2014) ("The defendant has a previous history of criminal convictions or criminal behavior, in addition to

those necessary to establish the appropriate range."). The court found that less restrictive measures had previously been unsuccessfully applied to the Defendant and that confinement was necessary to avoid depreciating the seriousness of the Defendant's conduct and to provide an effective deterrent to others. The court noted the nature of the Defendant's dangerous conduct and said the Defendant would kill someone if his conduct were not controlled. The court ordered an effective sentence of twenty-three months and twenty-eight days to be served on supervised probation except 180 days of confinement.

The trial court further ordered as conditions of probation that the Defendant obtain a drug and alcohol assessment and follow the recommendations of the report. The court ordered the Defendant to attend at least three Alcoholics Anonymous meetings per week during the two-year probationary period. Last, the court ordered that he "lose his license for a period of five years." The loss of the Defendant's license is the focus of the present appeal.

The Defendant contends that the trial court erred by revoking his driver's license for five years because Tennessee Code Annotated section 55-10-404(a)(1)(A) only permits a trial court to prohibit a defendant from driving for one year upon a first offense DUI conviction. The State responds that the trial court erred by ordering as a condition of the Defendant's probation that he lose his license for a period of time that exceeded the length of the effective sentence.

Tennessee Code Annotated section 55-10-404(a)(1)(A) states that a trial court "shall *prohibit* any person convicted of a violation of § 55-10-401 from driving a motor vehicle in this state for a period of one (1) year, if the conviction is a first offense[.]" (emphasis added). The Tennessee Department of Safety is required to *revoke* a driver's license when a driver has been convicted of DUI. *Id*. § 55-50-501 (2012) (emphasis added). When a defendant is convicted of DUI, "the [trial] court in which the conviction is had shall require the surrender [of the] . . . licenses then held by the person so convicted, and the court shall thereupon forward the licenses together with a record of the conviction" to the Department of Safety. *Id*. § 55-50-503(a) (2012).

Revocation of a driver's license is defined as the "termination by formal action of the [D]epartment [of Safety] of a person's driver license or privilege to operate a motor vehicle on the public highways[.]" *Id*. § 55-50-102(48), (16) (2012). The Tennessee General Assembly granted to the Department of Safety "the authority to revoke the license to drive." *State v. Timothy L. Morton*, No. M2011-00876-CCA-R3-CD, 2012 WL 1080480, at *4 (Tenn. Crim. App. Mar. 30, 2012); *see* T.C.A. § 55-50-501; *State v. Richard E. Brown, Jr.*, No. M2010-01945-CCA-R3-CD, 2011 WL 3925497, at *4 (Tenn. Crim. App. Sept. 8, 2011). As a result, the Department of Safety, not the trial court, has the authority to revoke a defendant's driver's license. *Trail v. State*, 526 S.W.2d 127, 129 (Tenn. Crim. App. 1974).

The power to prohibit a defendant from driving pursuant to Code section 55-10-404(a)(1)(A) "is a judicial act and it has no relation whatever to the . . . sections governing the Department of Safety's power to grant, revoke and suspend licenses." *Goats v. State*, 364 S.W.2d 889, 891 (Tenn. 1963).

In the present case, the Defendant was convicted of two counts of first offense DUI. Upon those convictions, the trial court was required to prohibit the Defendant from operating a motor vehicle for one year for each conviction. *See* T.C.A. § 55-10-404(a)(1)(A). In the context of Code section 55-10-404(a)(1)(A), the trial court could only prohibit the Defendant from driving, not effectively revoke his driver's license. Revocation of the Defendant's license is an administrative procedure conducted by the Department of Safety. The trial court was required to confiscate the Defendant's license upon his convictions for DUI and to forward the license and the judgments of conviction to the Department of Safety in order for the department to revoke the Defendant's license. In any event, our statutes clearly require the loss of the Defendant's driving privilege for two years, regardless of whether the Department of Safety followed its revocation procedures. The trial court's prohibiting the Defendant from driving and the Department of Safety's revoking the Defendant's license are two distinct methods of banning a defendant from operating a motor vehicle. *See Richard E. Brown, Jr.*, 2011 WL 3925497, at *5.

The record reflects that the trial court ordered as a condition of the Defendant's probation that he lose his license for a period of five years. The court never stated that the Defendant's license was revoked. Instead, the court imposed as a condition of his probation a loss of the driving privilege, which was not improper. *See State v. Smith*, 776 S.W.2d 141, 144 (Tenn. Crim. App. 1989) (stating that "surrender" of a driver's license during a defendant's entire probationary period was not "too far reaching"). The court not only was obligated pursuant to our statutes to prohibit the Defendant from driving after being convicted of two counts of first offense DUI, it also had the authority to order as a condition of probation that he lose his driving privilege. *See Smith*, 776 S.W.2d at 144; T.C.A. § 55-10-404(a)(1)(A).

Although we conclude that the trial court properly prohibited the Defendant from driving after being convicted of two counts of first offense DUI, the court erred by extending the prohibition period as a condition of his probation beyond the length of the effective sentence, which was twenty-three months and twenty-eight days. In any event, our statutes required the court to prohibit the Defendant from driving for one year for each first offense DUI conviction, for an effective prohibition period of two years. Therefore, we reverse the judgments of the trial court and remand for entry of modified judgments reflecting the loss of the Defendant's driving privilege for two years.

In consideration of the foregoing and the record as a whole, we reverse the judgments of the trial court and remand for entry of modified judgments reflecting the loss of the Defendant's driving privilege for one year in each case.

_____

ROBERT H. MONTGOMERY, JR., JUDGE